## HENRY ROMINES v. STATE.

No. A-6691. Opinion Filed Sept. 28, 1929.
Rehearing Denied Oct. 19, 1929.
(281 Pac. 310.)

L. M. Gensman and J. F. Thomas, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Henry Romines, plaintiff in error, hereinafter called defendant, was convicted in the district court of Comanche county of the crime of manslaughter in the second degree, and his punishment fixed by the court at imprisonment in the state penitentiary for a term of four years after the jury had returned a verdict of guilty but failed to agree on the punishment.

This prosecution was the outgrowth of the killing on the 29th day of August, 1926, on B avenue in the city of Lawton, of one Margaret Stephens by running against and over her body with an automobile.

August 29, 1926, was Sunday, and on this day Mrs. Stephens, together with her husband, Rev. J. T. Stephens, a retired minister of the gospel, attended church at the First Baptist Church in Lawton, which church is located on the corner of Fifth street and B avenue. Fifth street runs north and south, and B avenue east and west.   On the night in question church was held in the tabernacle which was located just east of the church facing north on B avenue.   There were numerous cars parked all along B avenue both east and west of the tabernacle.   It appears that Rev. and Mrs. Stephens had their car parked on the

north side of B avenue about opposite to the entrance to the tabernacle. Church services were concluded that evening about 9:30, and Rev. and Mrs. Stephens left the tabernacle by the north door, and started across the street to get into their automobile to go home. When they had reached about the middle of the street, they were run over by an automobile running rapidly and without lights. The car knocked Mrs. Stephens down, and ran over her body, crushing her lungs and causing injuries from which she died the day following. The driver of the car never stopped, and the circumstantial evidence shows that the driver of the car that ran over Mrs. Stephens and killed her was none other than this defendant. Defendant was arrested the next day in Snyder, Okla., where he resided. After his arrest, he was brought back to Lawton, and made certain statements and admissions, which admissions remain unexplained by defendant. Defendant did not testify. In view of the fact that this death was caused by a hit-and-run driver, the state had to rely upon circumstantial evidence for a conviction.

The main contention of defendant's counsel is that such evidence is not sufficient to sustain the conviction. While the state's evidence is circumstantial, it is of such a character that all the circumstances are consistent with the guilt of the defendant. The admissions of the defendant after his arrest, and his failure to take the witness stand to either deny the admission or explain, and his failure to take the witness stand and deny the charge, leaves the circumstances in the case and his admissions without any denial, and renders them sufficient on their face to support the verdict of the jury. There is evidence in the record that defendant was under the influence of intoxicating liquor at the time he was driving the car, and that defendant's intoxicated condition had as much, if not more,

to do with causing this death than any other one thing. The defendant could have been prosecuted for murder rather than for manslaughter in the second degree, and he was fortunate under the circumstances that the state elected to prosecute him for the lesser offense.

It is next contended that the trial court erred in overruling the demurrer to the information. The charging part of the information reads as follows:

"That at and within said county and state, on the 29th day of August, 1926, Henry Romines then and there being, did then and there, wilfully, unlawfully, feloniously, recklessly, carelessly, unnecessarily and by culpable negligence, drive an automobile against and upon one Margaret Stephens who was on B avenue, a public highway and street running east and west in the city of Lawton in plain view of defendant who was driving said automobile west on said avenue at a high rate of speed and without giving any warning and without looking to see if any persons were likely to be injured, and thereby said defendant, by his carelessness and culpable negligence inflicted mortal wounds in and upon the body of the said Margaret Stephens from which mortal wounds so inflicted by defendant as aforesaid she the said Margaret Stephens in said county and state on the 30th day of August, 1926, did die, which injury and death the said defendant, Henry Romines, would have avoided by the use of that degree of care and caution which a man of ordinary prudence would have used under like circumstances."

The reasons the defendant assigns why the information is insufficient are: First, because it does not state specifically the place on B avenue where the deceased was killed. The main purpose of stating the place where the offense was committed is to show venue in the county. No more accurate or specific statement or description of the place where the crime is alleged to have been committed is necessary, unless the place is an element of the offense

as defined by the statute or such specific description is. necessary in order to found the jurisdiction of the court.

The general rule is thus stated in 22 Cyc. p. 308:

"Place must be charged in an indictment with such clearness and certainty as to afford full notice of the charge and enable the accused to make his defense with reasonable knowledge and ability, and to plead the judgment rendered in bar of any second indictment for the same offense."

In a charge of manslaughter in the second degree, it is not necessary to the offense that it was committed in any particular place. It is only necessary to allege and prove that the offense was committed within the proper county. Section 2563, C. O. S. 1921; Flohr v. Territory, 14 Okla. 477, 78 Pac. 565; Antonelli v. State, 3 Okla. Cr. 580, 107 Pac. 951.

The second reason urged that this information is insufficient is because it does not set out specifically the manner in which defendant was driving the car. It clearly appears from the face of the information that the culpable negligence relied upon did not consist wholly in the manner the defendant was driving the car at the time but also in his failure to look and to observe deceased, who was alleged to have been in plain view of defendant. The negligence complained of was not only driving the car "at a high rate of speed," but also the failure to operate the car in a careful and prudent manner with due regard to the traffic and with due regard to the safety of pedestrians; which sort of carelessness is specifically condemned by section 2, chapter 16, Session Laws 1923. This was the culpable negligence alleged, and it is alleged with sufficient certainty to inform the defendant of the nature of the charge so as to defend fully against it.

The defendant next complains of the admission of incompetent evidence. The state was permitted to show that about two and a half hours before the homicide in this case occurred the defendant ran his automobile into that of a man named Shepard, which latter car was parked near the First Baptist Church at the time. This evidence was admissible on the question of the identity of the defendant as the person who ran over Mrs. Stephens. In order to follow the defendant up from the time he ran into Shepard until the time he ran over Mrs. Stephens it was necessary to go into detail. Another witness, Mrs. John Scott, testified as to the movements of a car answering the description of the car defendant was driving on that night, immediately after the close of the services at the First Baptist Church and going west on B avenue within a block of the place of the homicide. This was a circumstance properly to be considered by the jury, both on the question of identity and also on the question of culpable negligence.

The defendant argues that this evidence was incompetent, and that his rights were prejudiced thereby. The only possible adverse effect the admission of this evidence could have had would have been to create a prejudice for increasing the punishment, but, since the jury did not fix the punishment, the defendant could not have been prejudiced thereby. The evidence was competent, and was properly admitted.

It is next contended that the trial court erred in refusing to permit the defendant to prove by the son of the deceased a certain alleged dying declaration in which the deceased requested, among other things, that the law take its due course. The defendant was attempting to show that Mrs. Stephens was asking that the defendant be not

prosecuted. Anything the deceased might have said occurred more than 24 hours after she had been struck by the car of the defendant and was clearly not part of the res gestae. The court sustained the objection. The ruling of the trial court was correct as disclosed by the following decisions of this court: Goss v. State, 24 Okla. Cr. 383, 281 Pac. 339; Wratislaw v. State, 18 Okla. Cr. 150, 194 Pac. 273; Mulkey v. State, 5 Okla. Cr. 75, 113 Pac. 532.

The defendant next complains that instruction No. 3 was erroneous. This instruction reads as follows:

"Culpable negligence is the omission to do something which a reasonable, prudent person would do, or the doing of something which a reasonable, prudent person would not do, under like circumstances and conditions. It is the want or lack of that usual or ordinary care and caution in the performance of an act usually and ordinarily exercised by a prudent person under similar circumstances."

Instructions almost identical in form with the above were approved as containing a correct definition of culpable negligence in homicide cases in the following: Pamplin v. State, 21 Okla. Cr. 136, 205 Pac. 521; Clark v. State, 27 Okla. Cr. 11, 224 Pac. 738; Nail v. State, 33 Okla. Cr. 100, 242 Pac. 270.

Instruction No. 4 is also contended to be erroneous, although it is admitted that said instruction follows literally a part of section 2 of chapter 16, Session Laws 1923, but it is argued that said section was held to be void in the case of Missel v. State, 33 Okla. Cr. 376, 244 Pac. 462. Instruction No. 4 reads as follows:

"The laws of this state makes it the duty of every person operating a motor vehicle upon the streets of a city or town or the public highway of the state to operate in a careful and prudent manner and at a rate of speed not

greater than is reasonable under the existing circumstances, having due regard to the traffic and use of the highway, and having due regard for the safety of pedestrians on the highway; and a failure in the performance of this duty constitutes culpable negligence."

A comparison of said instruction with the opinion of this court in the Missel Case demonstrates that the portion of sec. 2, chapter 16, Laws 1923, supra, held unenforceable in the Missel Case, has no bearing on the law as contained in the foregoing instruction.

The defendant had a fair trial; the evidence is sufficient to establish his guilt; and, the errors of law complained of not being sufficient to justify a reversal of the case, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.