HENRY WINKLER v. STATE.

No. A-7039.   Opinion Filed Dec. 14, 1929.
(283 Pac. 591.)

Renegar & Wright, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Washita county on a charge of assault and battery with a dangerous weapon, and his punishment fixed at confinement in the county jail for a term of three months.

At the time charged, defendant, while driving an automobile on the public highway, drove the same against the body of May Taliaferro and injured her by breaking her leg.   A school truck, transporting pupils of the Canute Consolidated School, was going south and stopped on the highway to let pupils off, among them, May Taliaferro, the injured child, 11 years of age.   Defendant was driving north, meeting the school truck.   The school children got out on the right side, and the injured girl walked around

the rear of the truck to cross the highway to go to her home; as she stepped from the rear of the truck, the car driven by defendant struck her, and the injury resulted. The testimony for the state is that the car was traveling at a speed of from 20 to 30 miles per hour. Defendant estimates his speed at 15 to 20 miles. Defendant knew the truck was transporting school children, and that the place where the injury occurred was a regular stop to discharge pupils. The prosecution is under section 1764, Comp. Stat. 1921, which among other things defines an offense by one who with intent to do bodily harm and without justifiable or excusable cause commits an assault upon the person of another with a dangerous weapon. It is the theory of the state that defendant was committing a misdemeanor under the provisions of section 2, c. 16, Session Laws 1923, defining a misdemeanor for any person to operate or drive a vehicle upon the highways at a rate of speed greater than is reasonable under the existing circumstances, having due regard to the traffic, the use of the highway, and the safety of pedestrians; that in so operating a vehicle he was guilty of culpable negligence.

An automobile, when propelled against a person, is a dangerous weapon. If a person operating an automobile upon the highway does so in a reckless manner, endangering the safety of pedestrians or others, and while so operating the vehicle in such manner he drives it against some person, causing death, he is guilty of a crime. Nail v. State, 33 Okla. Cr. 100, 242 Pac. 270. Mayse v. State, 38 Okla. Cr. 144, 259 Pac. 277. Brock v. State, 39 Okla. Cr. 162, 263 Pac. 1115. Logan v. State, 42 Okla. Cr. 1, 274 Pac. 39. If, while so operating an automobile in violation of law, a person should injure a pedestrian or other person without causing death, and such unlawful act is the proximate cause of the injury, he is likewise guilty of a crime.

If defendant is guilty of culpable negligence in passing the school truck, as it was discharging its passengers, at a dangerous speed, or without coming to a stop or having his car under control, and thus avoid injury to the school pupils, he is guilty of a crime. In such case the commission of a misdemeanor in operating an automobile in the manner forbidden by section 2, c. 16, Session Laws 1923, takes the place of and supplies the unlawful intent. 1 Bishop's Crim. Law (8th Ed.) §313 et seq. It then becomes a question of fact whether or not defendant at the time was guilty of culpable negligence in operating an automobile upon the highway in violation of the law. There is ample evidence in the record to carry the case to the jury upon this question, and by their verdict the jury found the question of fact against defendant.

The judgment is affirmed.

DAVENPORT, J., concurs.

CHAPPELL, J., absent, not participating.