## SANDERS v. STATE.

### No. A-11736. April 8, 1953.

(256 P. 2d 205.)

Herbert K. Hyde, Lee Williams, and Carroll Samara, Oklahoma City, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., and Granville Scanland, County Atty., Oklahoma County, Oklahoma City, for defendant in error.

POWELL, P. J. The within appeal is from a judgment entered in the court of common pleas of Oklahoma county after an entry of a plea of guilty by Jack Travis Sanders to a charge of recklessly operating an aircraft, so as to endanger the lives and property of others. The judgment entered provided for a fine of $100, and 30 days in jail. Defendant, appellant here, was dissatisfied with the jail sentence feature of the penalty assessed, retained different counsel, and appeal has been perfected to this court.

The sole specification of error is:

"That said judgment and sentence is excessive, and was entered under the influence of passion and prejudice on the part of the trial judge."

The charging part of the information reads:

" * * * the said defendant, in the county and state aforesaid, and on the day and year aforesaid, then and there being, did then and there wilfully, unlawfully and wrongfully operate a Model CCIB two-place 'Swift' Airplane, bear-

ing private Pilot License No. 751353, in a careless and reckless manner, so as to endanger lives and property of others, in that he disregarded landing instructions given by M. H. Hanes, Control Tower Operator at Will Rogers Field, in Oklahoma City, said county and state, and had been drinking intoxicating liquor while in flight of said Airplane; contrary to the form of the statutes, etc."

The factual situation is so unusual as to perhaps justify presently a quotation in extenso from the statement made by the trial court on passing sentence, even though in misdemeanor cases this court is not ordinarily justified in so doing. Tit. O.S. 1951 § 47. There is involved the consideration for the first time by this court of certain statutory provisions pertaining to aircraft.

We conclude from the photostat of the appearance docket, and other instruments reflected in the record, which have been interpreted in brief of appellant's counsel consistent with this statement, that the court had learned that defendant and his trial counsel had apparently prevailed upon an assistant county attorney to agree to recommend a $100 fine, and that counsel, in his eagerness to terminate the case, had thereupon by-passed the court and had gone to the court clerk, who accepted payment of such supposed fine and issued a release for appellant. It would seem from statements in appellant's brief that the press became cognizant of the happenings and aired the matter and the record shows that an alias warrant was quickly issued, so that defendant and his counsel then appeared before Judge Evert Crismore on January 26, 1952, and defendant entered a plea of guilty, but the judge deferred sentence until January 28, 1952, at 9:00 a.m., and in the meantime released the accused on bond.

At the time designated for entering judgment, counsel for the state and counsel for the defendant, and the defendant, were all present in court. The court thereupon made the following statement:

"The Court: Here is about all I know about this case up to now. The County Attorney called me Thursday and asked me if I had arraigned the defendant. I told him that I had not. The County Attorney asked me to sign an alias warrant Friday, and I did. And you were all in my office Saturday.

"The way I understand it, the man, the defendant, hasn't been arraigned and he hasn't plead guilty before Judge Traub [the other Court of Common Pleas Judge] or before me, and that a hundred dollar fine was paid.

"Of course, I asked you about what he told the government man. As I recall, Saturday, why, he plead guilty when he came in. After we had discussed all this, I asked him if he wanted to plead guilty again, and he told me he did.

"And so—I don't know—over the week-end, I asked the Highway Patrol to check the statistics, and the man at the control tower at Will Rogers Field, Municipal Airport, gave them, and here are the facts that he gave me:

"He said there were 10,000 planes landed a month; 350 a day; 84 to 94 passenger planes, with from 2 to 72 passengers. That shows how many people are using that air-field every day.

"The drunkometer says the man was under the influence of intoxicating liquor. This is Mr. Marcum's signature here. He is the man who gave the drunkometer test. I wanted him to bring his report up here this morning, but I found out the County Attorney's office already has it.

"So, what you did, you landed an airplane at a busy airport, under the influence of intoxicating liquor. That is what you have done.

"So, I am going to give you 30 days in the county jail and a hundred dollar fine, and I think you are getting out lucky. I asked the County Attorney a while ago if he had any recommendations, and he told me that he was going to recommend jail time and a fine. Is that correct?

"Mr. Hamill: That is correct.

"The Court: So, after I thought about it over the weekend, I am going to sentence you, the defendant, to thirty days in the county ·jail and to pay a fine of $100."

Different counsel, who now conduct the appeal, in effect, assert that the statements of the court and news items in the newspapers concerning the matter, and the fact that trial counsel and counsel for the state admittedly in the beginning failed to have the defendant arraigned before the court and enter a plea to the charge, tended to prejudice the trial court and resulted in the imposition of a jail sentence that probably would not have been interposed had the case been handled according to orthodox procedure. It is further asserted that the court was influenced by an independent investigation into the intoxication status of the accused by inquiry into the results of a drunkometer ·test, and by inquiry as to density of airplane traffic at the Will Rogers Municipal Airport, where the defendant was charged with having landed his plane, as heretofore detailed.

Whether the defendant might have escaped with a light fine had the case been handled by prompt arraignment and plea before the court as the law requires, rather than in the manner in which the case was actually handled, is of course speculative. We have no way of knowing.

We do know that it is alleged in the information that the defendant "had been drinking intoxicating liquor while in flight of said airplane", and while we consider this statement an unnecessary allegation in view of the fact that the charge involves the second provision of Tit. 3, O.S. 1951 § 139 (to be quoted in toto hereinafter), on a trial, the fact of the drinking would have been competent evidence in explanation of erratic flying and failure to heed landing directions at a busy airport. The statement amounted to surplusage, a plea of evidence, and was subject to be stricken on motion, but none was interposed. Having entered a plea of guilty to the information as .worded, the court was justified in considering as true every allegation therein contained pertinent to the charge.

The applicable statute as indicated, is section 139 of Title 3, O.S. 1951, which reads:

"It shall be unlawful for any person to operate an aircraft in the air, or on the ground or water, [1] *while under the influence of intoxicating liquor, narcotics, or other habit-forming drug*, [2] *or to operate an aircraft in the air or on the ground or water, in a careless or reckless manner so as to endanger the life or property of another*. In any proceeding charging careless or reckless operation of aircraft in violation of this section, the court in determining whether the operation was careless or reckless shall consider *the standards for safe operation of aircraft prescribed by Federal statutes or regulations governing aeronautics.*" (Italics supplied.)

Section 146 of the same Title reads:

"Any person violating any of the provisions of this Act (§§ 131-148 of this Title], or any of the rules, regulations or orders issued pursuant thereto, shall be punished by a fine of not more than One Hundred Dollars ($100.00) or by imprisonment in the county jail for not more than Ninety (90) days or by both such fine and imprisonment.

"(b) For any violation of Section 9 [§ 139 this Title] of this Act, in addition to, or in lieu of, the penalties provided by subsection (a) of this section or as a condition to the suspension of a sentence which may be imposed pursuant thereto, the court in its discretion may prohibit the violator from operating an aircraft within the State for such period as it may determine but not to exceed

one (1) year. Violation of the duly imposed prohibition of the court may be treated as a separate offense under this section or as a contempt of court. Upon a plea of guilty or conviction under Section 9 of this Act in any case involving a registrant under Section 11 of this Act, the court shall cause a notation of such plea or conviction and of the sentence imposed to be marked upon the pilot certificate or other evidence of pilot registration or receipt provided by the commission under said Section 11. In no event shall this subsection be construed as warrant for the court or any other agency or person to take away, impound, hold or mark any Federal airman or aircraft certificate, permit, rating or license, or to take away, impound or hold any State registration certificate or other evidence of such registration."

It will be observed that both the charge of operating an aircraft while under the influence of intoxicating liquor and the charge of operating an aircraft in a careless or reckless manner so as to endanger the life or property of another, are covered by the same statute and the same penalty may be imposed, in the discretion of the judge or jury, as the case may be.

Here, the defendant, in effect, by his plea of guilty to the information as worded, tacitly admitted his drinking and admitted endangering the lives of others. It is apparent that the county attorney had gotten the defendant to submit to a blood or drunkometer test and that the results showed the subject to have been intoxicated. It is common knowledge of which the court might have taken judicial notice in deciding on the amount of punishment to be inflicted on a plea of guilty, to have taken into consideration the traffic condition at the Municipal Airport. It is of public knowledge that in general it is a busy airport. The court through the officers found out the average number of planes landing and taking off from the field each day.

There is a distinct difference between the action of the court as shown by his statement under the record in this case, than would have been should the defendant have denied his guilt and a trial had been had and the matters recounted by the court (that would have had a direct bearing on the guilt or innocence of the accused), had not been received in evidence, but were found out by private inquiry. It is elementary in the last supposition that fundamental and reversible error would have been committed.

From a reading of section 146 of Tit. 3 O.S. 1951, it is at once apparent that although the court could have been more lenient, at the same time he could have been much more severe. Our consideration is whether or not the circumstances and admissions justified the penalty assessed.

The court is bound to have been exasperated on finding that an attempted by-passing of the court had almost succeeded, but there is nothing in the record to show that the prosecution agreed to or had knowledge that the case would be handled as attempted. So that any unfavorable position brought about by this conduct could not pro tanto be charged to the conduct of the prosecution. The position that the defendant found himself in on January 26 when he entered his plea of guilty on his first arraignment and when on such occasion he discussed his case with the court, was of his own creation. Any adverse attitude of the court, if any existed, must have been then sensed. By reason of what had happened one could not have hoped to have been in as favorable a position as if these things had not taken place. The court continued the case for judgment until January 28. Defendant on that date still wanted to plead guilty, and no objections were interposed to the matters the court apparently, by his statements, considered in making up his mind as to the punishment to be inflicted. He actually followed the recommendation of the county attorney as to punishment prescribed, though from the contentions of defendant in his brief, and as is apparent, the county attorney at first was willing to have a fine fixed and to have the court omit any jail time. But defendant is charged with

knowing that whatever the recommendation of the prosecution that the court was not bound to follow it; and accused is charged with knowledge that it was the duty of the court to be advised by the parties of the position of the prosecution as to the aggravating circumstances, if any, that the state might be prepared to show by competent evidence under the charge made. He could not expect to keep secret from the court the strength or weakness of the state's case, by a speedy plea of guilty. Some factual basis was necessary in order for the court to intelligently and fairly assess the punishment.

Counsel cite a number of cases where in the past this court has modified convictions and eliminated jail or penitentiary sentences of persons who were charged with and convicted of operating motor vehicles, either recklessly or while under the influence of intoxicating liquor, and where no one was injured and where there was no property damage. We have given consideration to these cases, but do not find them of aid. A number were decided when the act charged was by statute made a felony and the confinement had to be in the penitentiary. There were usually errors present that may have caused the jury to assess confinement in prison as a part of the punishment, or some other circumstances that worked on the sympathy of the court. But driving of motor vehicles by persons while drunk has increased many-fold and the deaths on the highways of this state and Nation have reached an appalling record. Now the airplane enters the picture where the tragedies by the forbidden operation could amount to a catastrophe for even a community, and at one stroke. The Legislature has prescribed a light but sobering deterrent. We would not be justified, under the record, of modifying the judgment rendered.

The case is affirmed.

JONES and BRETT, JJ., concur.