## STATE  v.  HOLLIS.
### No. A–12014.

Criminal Court of Appeals of Oklahoma.
July 21, 1954.

460

Leroy Vick, County Atty., Cheyenne, Mac Q. Williamson, Atty. Gen., for plaintiff in error.

Orval Grim, Sayre, for defendant in error.

BRETT, Judge.

The plaintiff in error Betty Hollis, defendant below, was charged by information in the district court of Roger Mills county, Oklahoma, with having committed the crime on the 6th day of March 1953 of assault and battery with a deadly weapon, to wit, by means of a 1950 model automobile. To the information a demurrer was filed, presented and sustained with exceptions on September 23, 1953, whereupon the county attorney elected to stand on the information and declined to plead further, upon which declaration the trial court dismissed the information, without discharging the defendant, fixed the time for the county attorney to perfect his appeal, released the defendant on his bond then in effect, pending the outcome of the appeal. The journal entry of judgment recites the foregoing matters and things but it does not give any reason as to why the information was insufficient, nor does the record show any. The charging part of the said information reads as follows, to wit:

"That the said Betty Hollis then and there being did unlawfully, wilfully, feloniously, without justifiable or excusable cause, make an assault upon the person of one Leroy Vick, by the means of such force as was likely to produce death with a dangerous weapon, towit; one 1950 model Buick automobile, bearing Texas license plates for year 1952, AT 1483, which the said Betty Hollis was driving and propelling in a reckless and dangerous manner while the said Betty Hollis was transporting whiskey and resisting arrest, and did then and there strike the body of Leroy Vick with such force as was likely to produce death and serious bodily injury, and did bruise and injure the left leg in the way and manner aforesaid; with the unlawful and felonious intent on the part of Betty Hollis to injure Leroy Vick and do him great bodily harm and injury, * * *."

The information was predicated upon the provisions of Title 21 O.S.1951 § 645, reading in words and figures as follows, to wit:

"Every person who, with intent to do bodily harm, and without justifiable or excusable cause commits any assault upon the person of another with any sharp or dangerous weapon, or who, without such cause, shoots or attempts to shoot at another, with any kind of firearm or air gun or other means whatever, with intent to injure any person, although without intent to kill such person or to commit any felony, is punishable by imprisonment in the penitentiary not exceeding five years, or by imprisonment in a county jail not exceeding one year."

It is apparent that the information herein involved was drawn in manner and form to comply with the allegations contained in the case of Beck v. State, 73 Okl.Cr. 229, 119 P.2d 865, 866, wherein it was said in syllabus 1:

"An automobile when used in such a manner as is likely to produce death or great bodily harm is a dangerous weapon within the meaning of sec. 1870, O.S.1931, 21 Okl.St.Ann. § 645."

In the body of the opinion the information therein reads as follows, to wit:

"'* * * that Otho Beck on the twenty-eighth day of November, A.D., 1939, in Tulsa County, State of Oklahoma, and within the jurisdiction of this court, did unlawfully, willfully and feloniously commit an assault and battery upon the person of one Richard Paris, by means of such force as was likely to produce death; that is to say, the defendant was driving and propelling a 1938 Ford coupe automobile in a dangerous and reckless manner while under the influence of intoxicating liquor; and at the intersection of 9th street and Cincinnati Avenue in the City of Tulsa, then and there driving and propelling said automobile over and against the body and person of the said Richard Paris, then and there throwing and hurling him against an automobile and to the street and pavement, severing his right thumb and otherwise bruising, wounding and injuring him, the said Richard Paris,

in the way and manner aforesaid; with the unlawful and felonious intent then and there upon the part of the said defendant, Otho Beck to injure the said Richard Paris, and do him great bodily harm and injury * * *.'"

At pages 232, 233 of 73 Okl.Cr., at page 868 of 119 P.2d it was said:

"This court in the case of Winkler v. State, 45 Okl.Cr. 322, 283 P. 591, and in the case of Lamb v. State, 70 Okl. Cr. 236, 105 P.2d 799, has specifically held that where an automobile is being operated in a manner forbidden by law, and the proof shows that the accused, while so operating the automobile, ran into and injured a person lawfully on said highway, that the operation of the automobile in such manner takes the place of and supplies the unlawful intent. In each of these cases, this court sustained convictions for assaults committed with an automobile.

"Defendant contends that the rule in Winkler v. State, supra, and Lamb v. State, supra, is erroneous and that those decisions should be specifically overruled.

"While no authorities have been cited by counsel for defendant in support of their argument and no brief has been furnished to the court upon this point by the state, we have undertaken to make an examination of the decisions of many other states to ascertain whether the courts of last resort of those states in their interpretations of similar statutes have held that operation of an automobile in a manner forbidden by law resulting in injury to a person lawfully using the highway constitutes a criminal assault."

We are of the opinion that the information meets the requirements of Title 22, § 409 of the statutes with reference to the name of the court, the designation of the defendant and place where the offense was committed being within the jurisdiction of the court, that the offense was committed within the 3 years prior to the time of the filing of the information, giving the date the offense was committed and naming the county, that the act complained of is clear-

462

ly and distinctly set forth in ordinary and concise language so as to enable the defendant to know what was intended thereby and lastly, that the offense was charged with such a degree of certainty as to enable the court to pronounce judgment, and upon conviction according to the right of the case so as to be a bar to any subsequent prosecution for the same offense. It appears from the plaintiff in error's brief that it was contended that the information was duplicitous and that surplus and redundant language was used, to wit, "while transporting whiskey" and "while resisting arrest". It clearly appears that the information charged the offense of assault with a dangerous weapon under Title 21 O.S.1951 § 645. In Bowman v. State, 82 Okl.Cr. 199, 167 P.2d 663, 664, the defendant was charged with manslaughter in the first degree and he complained that the information was duplicitous in that is likewise charged him with the commission of certain misdemeanors, to wit, that he was driving the automobile at the time of the fatal accident while intoxicated and at a greater speed than was reasonable and proper and at a speed greater than would permit him to bring the automobile to a stop within the assured clear distance ahead and in addition thereto, he drove the automobile on the left side of the road to the left of the center of the said highway. Therein the court held that the information did not charge two offenses but that it did allege different acts which were committed by the defendant while he was engaged in committing the crime of manslaughter in the first degree. Therein this court said:

"Under a statute which defines a single crime but which may be committed in a number of different ways, an information may be drawn setting out the different ways in a single county, and will not be duplicitous, if there is a readily perceived connection between things charged."

Citing Huckleberry v. State, 64 Okl.Cr. 396, 81 P.2d 493, 494. In Bowman v. State, supra, this court further said:

"The test seems to be whether information charges more than one crime or whether it defines a single crime which

may be committed in a number of ways. If it charges more than one crime in one count, the information would be bad for duplicity, but it is permissible to charge a single crime and set forth different acts which may constitute the manner and way in which the accused allegedly committed the offense."

In Sanders v. State, Okl.Cr., 256 P.2d 205, 208, this court said:

"We do know that it is alleged in the information that the defendant 'had been drinking intoxicating liquor while in flight of said airplane', and while we consider this statement an unnecessary allegation in view of the fact that the charge involves the second provision of Tit. 3, O.S.1951 § 139 (to be quoted in toto hereinafter), on a trial, the fact of the drinking would have been competent evidence in explanation of erratic flying and failure to heed landing directions at a busy airport. The statement amounted to surplusage, a plea of evidence, and was subject to be stricken on motion but none was interposed. Having entered a plea of guilty to the information as worded, the court was justified in considering as true every allegation therein contained pertinent to the charge."

Likewise in the case at bar if the expressions "while transporting whiskey or intoxicating liquors" and "while resisting arrest" constitute surplusage, they should have been reached by a motion to strike and should not have been made the basis for demurrer as an attack upon the sufficiency of the information because the information clearly charged exclusive of said expressions an assault with a dangerous weapon.

In the defendant's brief he sets forth certain observations of the court to the effect that the worst thing that the trial court could see about the information is that nowhere does it apprise the defendant of the certain place in Roger Mills county nor the time of the day or night that she was charged with having committed the offense, and hence because of the lack of certainty she could not properly make her defense and that the court was of the opinion that

the information should be amended in that regard. Said amendment being resisted the court sustained the demurrer to the information. Counsel for the defendant says that after checking the authorities he agrees with the court that possibly the greatest objection to the information is that nowhere in it does it say upon what road or what place within Roger Mills county or whether it was nighttime, before noon or after noon when the offense was supposed to have occurred. He relies likewise upon the case of Beck v. State, supra, wherein the information alleged that the offense occurred at a definite place within the city of Tulsa. The basis for the trial court's sustaining the demurrer is contrary to the prior decisions relative to pleading the time of the offense specifically. In Cecil v. Territory, 16 Okl. 197, 82 P. 654, it was said:

"It is not required that the exact time of the commission of an offense be set forth in the indictment, except where time is a material ingredient of the offense; and an indictment charging the crime of rape to have been committed on the —— day of January, 1903, is not subject to demurrer because the day of the month is left blank."

Relative to the matter of pleading the place in Romines v. State, 45 Okl.Cr. 40, 281 P. 310, it was said:

"In a charge of manslaughter in the second degree, it is not necessary to the offense that it was committed in any particular place, it is only necessary to allege and prove that the offense was committed within the county as alleged in the information."

It is apparent that where it is alleged that the offense was committed within three years next preceding the filing of the information, that the allegations of specific time as to the hour and the minute the offense occurred is unnecessary since such details as exactness of time and place are matters of proof. It appears in this information that the information alleged that the offense was committed on March 6, 1953 which brings the matter within the period of limitations, Title 22, O.S.1951 § 152, within 3 years. It is thus apparent that the trial court erred in sustaining the demurrer. The information clearly stated the charge of assault with a dangerous weapon, and is sufficiently definite and certain to inform the defendant of the nature of the offense with which she stood charged relative to place and time of the commission of the same. In State v. Dennis, 28 Okl.Cr. 312, 230 P. 935, in a situation in point herewith it was said:

"In a criminal case the state may appeal to this court: First, from a judgment setting aside an indictment or information; second, upon an order of court arresting judgment; and, third, upon a question reserved by the state. Where the judgment quashing or setting aside the information contains an order discharging the defendant, the appeal from the judgment is upon a question reserved by the state, for the reason that the defendant has been discharged and cannot be compelled to respond to any further orders in the proceeding, when so discharged the case as to him is at an end. The appeal then is on a naked question of law. But if the defendant be not ordered discharged, he must abide the further orders of this court on appeal, as well as any subsequent proceedings in the case in the trial court."

Title 22, O.S.1951 § 1053. State v. Gragg, 71 Okl.Cr. 213, 110 P.2d 321; State v. Stout, 90 Okl.Cr. 35, 210 P.2d 199; State v. Waldrep, 80 Okl.Cr. 230, 158 P.2d 368. The latter situation confronts us herein. It is therefore the opinion of this court that the order of the trial court sustaining the demurrer should be and the same is hereby reversed, with directions for further proceedings in the trial court.

POWELL, P. J., and JONES, J., concur.