**Phillip Lee CARLILE, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–16101.**

Court of Criminal Appeals of Oklahoma.

Jan. 19, 1972.

Bay, Hamilton, Renegar & Lees, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan Gigger, Asst. Atty. Gen., for defendant in error.

## OPINION

SIMMS, Judge:

Plaintiff in Error, Phillip Lee Carlile, hereinafter referred to as the defendant, was charged by Information with the crime of Illegal Possession of Barbiturates, Case No. CRM–70–133, in the District Court of Oklahoma County, Oklahoma. He was tried by a jury, found guilty, and his punishment assessed at One (1) Year in the county jail, and to pay a fine of $500.00. From that judgment and sentence, defendant has perfected a timely appeal to this Court.

From the record filed herein, it appears that on February 5, 1970, at approximately 4:00 a. m., two police officers were called to the Holiday Inn, 500 South Meridian, in Oklahoma City, to answer a disturbance call. After arrival, Officers Taylor and Watson talked to a bellboy, and were directed across the street to the Ramada Inn. The manager of the Holiday Inn, and the night manager of the Ramada Inn met the officers, and after a short conversation, Officer Taylor proceeded into a public restroom there at the Ramada Inn. He observed, immediately upon entering, the defendant and one other person seated on a vanity in the restroom, the defendant holding a plastic baggie full of red capsules. Officer Taylor stated that when the defendant saw him enter, he quickly shoved the bag of capsules into his front pocket. The officer then placed both men under arrest, took them into the hallway outside the restroom and seized the contraband from the defendant.

The State Chemist testified that he did a chemical analysis on these pills and that the contents of the capsules contained barbiturates.

There was no evidence presented on behalf of the defendant.

Defendant's first assignment of error is the overruling of his demurrer by the trial court to the information for the reason that said information did not specifically state where, in Oklahoma County, defendant was in possession of barbiturates. This Court held in State v. Hollis, Okl.Cr., 273 P.2d 459, that it is not necessary to charge the offense was committed in any particular place; it is only necessary to allege and prove that an offense was committed in the county as alleged in the information. The same rule of law was earlier pronounced in the case of Romines v. State, 45 Okl.Cr. 40, 281 P. 310.

This is not to say, however, that if a multiplicity of similar offenses occur near in time to each other that the State should not allege the exact location of the offenses, thereby affording the defendant the

constitutional guaranty against double jeopardy.

In this case there is but one offense of possession involved and by reason of the foregoing authority, the failure of the State to allege the exact location within the county is not error.

The same rule governing narcotic cases may be found in Flores v. United States, 338 F.2d 966 (10th Cir., 1964), wherein it was held:

"An indictment alleging the commission of the offense within the jurisdiction of the trial court meets the required certainty of place of commission."

■ Defendant complains that the seizure of the barbiturates by Officer Taylor was violative of his constitutional rights against illegal search and seizure, and he relies upon Rainbolt v. State, 97 Okl.Cr. 164, 260 P.2d 426. *Rainbolt,* supra, is distinguishable from the instant case in that officers detained and searched Rainbolt merely upon suspicion and without having visibly observed any illegal action or contraband.

Officer Taylor, according to the record in this case, testified that when he entered the restroom at the Ramada Inn, he recognized the red caps in the plastic baggie in the hand of defendant Carlile to be barbiturates. It was after the visual observation by Taylor of the barbiturates that he arrested Carlile and later removed the barbiturates from the pants pocket of the defendant.

Illegal possession of barbiturates is, under our statutes, a misdemeanor. The rule controlling the right of an officer to arrest for a misdemeanor committed in his presence is clearly enunciated in Dillon v. City of Tulsa, Okl.Cr., 273 P.2d 145:

"An offense is committed or attempted 'in the presence of an officer,' within the meaning of the law, where such officer is apprised by any of his senses that a misdemeanor is being committed by the person arrested prior to his arrest.

A constitutional provision against unreasonable searches and seizure, does not preclude the making of a seizure without a warrant previously procured, where there is no need of a search for intoxicating liquor, because the same is fully disclosed and *open to the eye."* (Emphasis ours)

■ Proposition number three in defendant's brief complains that the State offered no evidence to provide the defendant did not have a prescription or otherwise did not fall within any of the statutory exceptions.

Stallcup v. State, Okl.Cr., 401 P.2d 197, controls this assertion of error, by reason of the following language:

"Title 63, O.S.A. § 418, pertaining to Narcotic Drugs, reads:

'In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provisions of this Act, it shall not be necessary to negative any exceptions, excuse, proviso, or exemption, contained in this Act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant. Laws 1935, p. 55, § 18.'

This language in our statute is from the Uniform Narcotic Drug Act, and would be applicable to barbiturates, as in this case."

The constitutionality of 63 O.S.1961, § 418, has been attacked by defendant upon the theory that same would require the defendant to prove his innocence and cites only Payne v. State, Okl.Cr., 435 P.2d 424, which case dealt with a statutory presumption of guilt pertaining to the crime of receiving stolen property.

We need only observe that 63 O.S.1961, § 418, does not create any presumption of guilt whatsoever, does not require the defendant to take the witness stand, for such

proof of exemption can be made by medical testimony or by the testimony of the pharmacist.

█ The trial court's failure to give defendants requested Instruction Number One is of no consequence, for there is no evidence in the record whatsoever to warrant the giving of the requested instruction. See, Groom v. State, Okl.Cr., 419 P.2d 286.

█ Unquestionably, the most serious error complained of is that of improper argument to the jury by the Assistant District Attorney. Twice during final argument, the Assistant District Attorney referred to the defendant as "pillhead", and argued that the barbiturates seized were a product of illicit drug traffic in Oklahoma City, and implied that defendant was giving barbiturates away.

We agree that such argument, where the record is devoid of any evidence from which such implications can be made, was improper. This Court has held that if such argument, in view of the entire record, affected defendant's *substantial rights, or caused bias or prejudice against him in the minds of the jury*, the conviction will be reversed for that reason. The evidence of guilt in this case is so clear and convincing that if no argument had been made on either side, the result would have been the same. Gant v. Raines, Okl. Cr., 377 P.2d 603. Although argument of counsel as above recited is not grounds for reversal, the same was calculated to inflame the minds of the jury which returned a verdict fixing maximum punishment.

Substantial justice, therefore, requires the jury's verdict of guilty be affirmed, but that the sentence be modified to a term of Six (6) Months in the Oklahoma County Jail, and a fine of $250.00. Modified and affirmed.

BUSSEY, P. J., and BRETT, J., concur.