William McBIRNEY, Appellant,

v.

The CITY OF TULSA, Appellee.

No. A–17568.

Court of Criminal Appeals of Oklahoma.

Jan. 24, 1973.

Rehearing Denied Feb. 15, 1973.

Victor Law Ellis, Ellis, Stark & Moss, Tulsa, for appellant.

Waldo Bales, Municipal Counselor, Jack Morgan, Chief City Prosecutor, and Asst. Municipal Counselor, for appellee.

## OPINION

BLISS, Presiding Judge:

The appellant, William McBirney, hereinafter referred to as defendant, was charged, tried and convicted in the Municipal Criminal Court for the City of Tulsa, Oklahoma, for the offense of Driving While Under the Influence of Intoxicating Liquor; his punishment was fixed at ten (10) days imprisonment in the city Jail and a fine of One Hundred Dollars ($100.-00). From that judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, the evidence from the limited record submitted to this Court revealed that at approximately 9:30 p. m. on the 11th day of August 1971, the defendant, while making a turn at the intersection of Sixth Street and Lewis Avenue, Tulsa, Oklahoma, was involved in a minor traffic accident. The testimony of Officer Johnson, who apparently investigated the accident, and Mrs. Constance Bell, the driver of the second vehicle involved in this mishap, revealed that at the scene, the defendant's conduct was irregular in that he repeated himself, fumbled with his wallet and its contained papers, had slurred and somewhat incoherent speech, walked around the parking lot, staggered somewhat, had an odor of alcohol on his breath, and was flushed of face. The defendant was placed under arrest for Driving While Intoxicated and transported to the police station for blood alcohol tests.

Sergeant Carl J. Stoops, of the Tulsa Police Department, testified he adminis-

tered the breathalyzer test for alcoholic influence. After full qualification as a witness, Stoops testified the test conducted on the defendant revealed a .12 percent blood alcohol content.

Dr. George W. Prothro, after stipulation of defense counsel and further qualification as an expert witness, generally testified to the effects of the alcohol on the human body. Based upon a hypothetical question propounded by the prosecutor which included the blood test results and the defendant's conduct at the scene of the accident, Dr. Prothro stated that, in his opinion, the defendant was under the influence of intoxicants. On cross-examination, the doctor testified that repeated burping which resulted from a removal of the defendant's pyloric valve in the stomach, could possibly result in a false reading on the breath test and, as a result, the breath test might not be accurate.

The State rested.

The defendant testified that at 7:00 p. m. on the mentioned date, he drank three old-fashioned glasses of Cold Duck Champagne. At approximately 9:00 p. m., he, his wife and friends left his home and went to a restaurant where they had reservations for their evening meal. He testified about the details of the accident stating he was not conscious that the Bell vehicle was behind him, and further that the unique construction of the intersection was responsbile for the manner in which he made the turn which resulted in the mishap. His testimony revealed he was not wearing his lower dentures which accounted for his unusual speech, and that he had only fifteen percent of his hearing in his right ear, accounting for his not noticing the Bell vehicle. Finally, he testified that as a result of a spastic condition of the esophagus he burped frequently on this evening.

■ In the defendant's first proposition, counsel asserts that a new trial should have been granted on the basis of newly discovered evidence. The evidence, which is the subject of this motion, involves the testimony of Dr. Leon A. Greenberg, doc-

tor and professor of physiology at Rutgers University. His testimony in substance was that, given the same hypothetical given Dr. Prothro which involved the defendant's conduct at the time of the arrest and the .12 percent blood alcohol content result taken from the breathalyzer, coupled with the defendant's medical history of a hemigastrectomy and vagatomy, the removal of a portion of the stomach and vagus nerve, he would be unable to form an opinion one way or the other that the defendant was or was not under the influence of intoxicants at the time mentioned.

The third paragraph of the Syllabus in Ward v. State, Okl.Cr., 444 P.2d 255 (1968), recites:

"A motion for new trial upon the ground of newly discovered evidence is not sufficient where it only tends to discredit or impeach the witness for the State and especially where it would not change the result of the trial."

The ultimate purpose of having Dr. Greenberg testify would be to obtain his opinion that he would be unable to form an opinion of whether or not the defendant was intoxicated. This testimony would be diametrically opposed to the opinion of Dr. Prothro. This evidence would be submitted for the purpose of discrediting the opinion of Dr. Prothro. It, therefore, falls within the rule in *Ward,* supra.

In Swarb v. State, Okl.Cr., 358 P.2d 850 (1961), the Court further stated:

" * * * This court has repeatedly held that a motion for new trial on grounds of newly discovered evidence is addressed to the trial court's sound discretion, and his ruling on the motion will not be disturbed unless there is a manifest abuse of discretion. * * * "

We find no manifest abuse of discretion in the court's ruling. Therefore, we find this proposition to be without merit.

■■ In his second proposition, counsel asserts the contention that the hypothetical question propounded by the prosecutor to Dr. Prothro was improper. He bases this contention on a line of authority which

states generally that a hypothetical question which *unfairly* deletes a part of the facts provided or omits material facts or excludes a conflicting part of the evidence, is an improper hypothetical question. We note that the portion of the testimony which the defense contends is contradictory, the testimony of Officer Stoops, was the testimony of the conduct of the defendant at the time he was given the breathalyzer test, one and one-half hours after the traffic mishap. Stoops' testimony reflected nothing unusual about the defendant's behavior. The testimony of the witnesses who observed him at the time of the arrest indicated the irregularities in his conduct previously mentioned.

In the case of State v. Rice, 38 Wis.2d 344, 156 N.W.2d 409 (1968), the Court stated as follows:

" * * * That the opinion might be based on conflicting inference, or that the hypothesis may omit additional material facts, are matters which can be elicited on cross examination or redirect examination as the case may be. It is then for the jury to decide what weight will be accorded the expert's opinion.

"This is demonstrated by Rausch v. Buisse (1966), 33 Wis.2d 154, 169, 146 N.W.2d 801, 809:

'In other words, a party has a right to an opinion of an expert witness on the facts which that party claims to be the facts of the case. This rule is subject to the limitation that questions which *unfairly* select part of the established facts or which omit material parts should be rejected. *However, the normal rule is that any disadvantage to the defendant by the hypothetical question should be remedied on cross examination.*' (Emphasis supplied.)"

We find the reasoning in the above case applicable to the case at bar. In light of the facts presented in this case, the inconsistency counsel refers to actually goes to the weight to be given by the jury to Dr. Prothro's opinion. Counsel, on cross-examination, had at his disposal a full exploration of the effect this additional evidence would have on the doctor's opinion. Counsel chose not to explore this subject on cross-examination. For the above reasons, we do not feel compelled to reverse this case on a hypothetical question which we feel is otherwise fair in its form.

■ The fairness of a hypothetical question largely rests in the sound discretion of the trial court whose ruling thereon will not be ground for reversal in absence of a showing of an abuse of discretion. State v. Bentley, 155 Mont. 383, 472 P.2d 864 (1970). There being ample evidence to support the court's ruling, we find no abuse of discretion in the trial court's admitting the hypothetical question.

In the defendant's third proposition, he assigns as error, first that the court erred in not giving an instruction explaining the statutory presumptions raised under 47 O.S.1961, § 756, or in the alternative, a general instruction on the general provisions of this statute so that undue weight will not be given the blood alcohol test by the jury.

■ On the question of the court charging the jury with the statutory presumptions under this statute, we note that the proof at trial was that the defendant's breathalyzer test revealed a .12 percent blood alcohol content. This evidence did not invoke the statutory presumption, which at the time this case was tried, arose at .15 percent. Therefore, the portion of the statute upon which the defendant requests an instruction was not invoked and an instruction of this nature would be improper as it is well settled that if there is no evidence in the record to warrant an instruction, it should not be given. Carlile v. State, Okl.Cr., 493 P.2d 449 (1972).

In the case of Vore v. State, 158 Neb. 222, 63 N.W.2d 141 (1954), a defendant was convicted for the offense of Motor Vehicle Homicide. Blood alcohol tests at the time made revealed a .11 percent blood alcohol content. The statutory presumptions of non-intoxication arose at a blood alcohol percentage under .05 and intoxica-

tion arose at .15 percent. Expert witnesses testified that at the time of the accident, based on the lapse of time between testing and the accident, in their opinion the defendant had a blood alcohol content which was in excess of .15 percent. The court held, after determining the expert testimony proper, that the court erred in giving the instruction on the presumptions for the reasons that there was no competent evidence on the subject and that it was improper to give an instruction on the presumptions when the test did not invoke the presumptions under the statute.

In regard to the defendant's alternative contention which requests a general instruction on the provisions of the mentioned statute, we note that since we have previously determined that an instruction on the presumptions therein contained are not supported by the evidence, a general instruction could only explain paragraph (b) of the statute which establishes the percentages between the presumptive level to be relevant evidence. By the court admitting the breath test results into evidence, the jury obviously considered it relevant evidence without instructions. Consequently, an instruction on the general provisions in this statute is not necessary. We, therefore, find this proposition to be without merit.

The judgment and sentence is, accordingly, affirmed.

BUSSEY and BRETT, JJ., concur.