Lonnie **LEMMON** and Willard Powell, Appellants,

v.

The **STATE** of Oklahoma, Appellee.

No. F–74–680.

Court of Criminal Appeals of Oklahoma.

July 15, 1975.

Rehearing Denied Aug. 8, 1975.

598

Harry G. Scoufos, III, Scoufos & Montgomery, Sallisaw, for appellants.

Larry Derryberry, Atty. Gen., James L. Swartz, Asst. Atty. Gen., Harold T. Garvin, Legal Intern, for appellee.

OPINION

BRETT, Presiding Judge:

Appellants, Lonnie Lemmon and Willard Powell, hereinafter referred to as defendants, were charged, tried and convicted in the District Court, Sequoyah County, Case No. CRF–73–79, for the offense of Larceny of Domestic Animals, in violation of 21 O.S.1971, § 1716. Punishment for each defendant was fixed at three (3) years' imprisonment, and from said judgments and

sentences a timely appeal has been perfected to this Court.

Briefly stated, the facts are that Joe Williams kept 33 head of cattle on pasture south of Sallisaw, Oklahoma. He had seen the cattle on June 17, 1973. When he returned to the pasture on June 24, 20 head of cattle were gone.

Mrs. Mildred Venekamp testified that she bought 20 head of cattle on June 19, 1973. She said defendant Powell had contacted her about buying cattle two or three days before that date. A check in payment for the cattle was given to defendant Powell with the payee blank. The check was cashed on June 20, 1973, with the payee being Lonnie Lemmon. Shortly thereafter, Mrs. Venekamp sold these cattle to Charles Hennessee. In September, 1973, Mrs. Venekamp identified those same cattle, in Mr. Hennessee's pasture, as the ones she had bought from defendant Powell and sold to Hennessee, and Joe Williams identified the same cattle as those that he had lost in June, 1973.

Defendants' demurrers to the evidence were overruled, after which the defendants presented their evidence. Dr. E. H. Leonard, a veterinarian, testified that he tested all cattle sold through the Ft. Smith Stockyards. According to his records of Bang's Disease test ear tags, one of the cattle in question was sold through the stockyards to Mrs. Venekamp on August 30, 1973.

Defendant Powell testified that he was a cattle trader by occupation. He said that Lemmon had told him in June, 1973, that he (Lemmon) had some cattle for sale. Powell contacted Mrs. Venekamp in an attempt to arrange the sale. He said that he was present when Lemmon sold the cattle and that none of those cattle sold matched the description of the cattle identified in Hennessee's pasture.

Defendant Lemmon testified that he had raised over 100 head of cattle in 1973. He stated that he had acquired the cattle he sold to Mrs. Venekamp, from several persons including Powell, Leroy Brant, and two other persons whose names he could not recall. According to Lemmon, Powell took the check from Mrs. Venekamp on a Friday and gave it to Lemmon the next day. Lemmon said this occurred on June 15 and 16, 1973. The check was cashed the following Tuesday, June 20, 1973.

Following cross-examination of defendant Lemmon, the defense rested.

The defendants moved for, but were denied a directed verdict.

■ The first three assignments of error raised by defendants deal with the sufficiency of the evidence. The first of these assignments is that the evidence at the preliminary hearing was insufficient to bind the defendants over for trial. Title 22 O.S.1971, § 264, provides that the magistrate shall bind over when it appears that a crime has been committed and there exists probable cause to believe the defendant(s) committed the crime.

In reviewing the transcript of the preliminary hearing it is clear that Joe Williams had cattle taken from his land without his permission and that the defendants sold cattle which Williams subsequently identified as having been those stolen cattle. Therefore, the defendants were properly bound over for trial.

■ Defendants claim that the evidence at trial was generally insufficient. However, the evidence at trial is sufficient to support the verdict. We would observe that mere possession of missing property is not sufficient to convict a defendant of larceny, but when such a fact is supplemented with substantial facts inconsistent with the idea that said defendant obtained the goods in an honest manner, it then becomes a question of fact for the jury to pass upon. *Turman v. State*, Okl.Cr., 522 P.2d 247 (1974).

In the instant case we note the following: defendant Lemmon was unable to state from whom he had purchased the cattle; the cattle were sold soon after they were allegedly stolen, and the circumstances surrounding the sale were unusual.

Those circumstances include the fact that the cattle were kept on abandoned property in which the defendants had absolutely no legal interest and totally hidden from view of passersby. Additionally, immediately after the sale, although it was dark and raining heavily, defendant Powell hauled the cattle out to Mrs. Venekamp's property near Warner, Oklahoma. We believe that these are substantial facts inconsistent with the idea that the defendants had acquired these cattle in an honest manner. Defendants guilt was therefore a question for the jury and we find these propositions to be without merit. See, *Turman v. State,* supra, and *Roberts v. State,* Okl.Cr., 479 P.2d 623 (1971).

For their fourth assignment of error, defendants claim that the court erred in allowing the State to introduce certain rebuttal evidence. Defendants claim that the evidence that was admitted as rebuttal should have been introduced as part of the State's case-in-chief.

■ *Anneler v. State,* 93 Okl.Cr. 437, 229 P.2d 238, 245 (1951), presents a good statement of the general rule on the admission of rebuttal evidence. This Court held that the admission of evidence in rebuttal is largely a matter of the trial court's discretion and its ruling will not be reversed absent a manifest abuse of discretion. This same statement of the rule is found in *Clark v. State,* Okl.Cr., 370 P.2d 46 (1962); *Walters v. State,* Okl.Cr., 403 P.2d 267 (1965), and *Sam v. State,* Okl.Cr., 523 P.2d 1146 (1974).

■ Finding nothing in the record to indicate that the trial court abused its discretion in admitting the testimony, we hold this contention to be without merit.

■ Defendants' fifth assignment of error is that the court erred in giving certain instructions and in refusing to give certain requested instructions. We observe that nowhere in the record does it appear that the defendants objected to the instructions as given, therefore, there is nothing preserved for review on appeal, and further,

that the instructions, when considered as a whole, fairly and fully state the law applicable to the case. *Hover v. State,* Okl.Cr., 471 P.2d 950 (1970). For this reason, we hold this assignment of error to be without merit.

The trial court's order of March 25, 1974, overruling numerous motions is the defendant's sixth assignment of error. The first motion overruled was a motion to dismiss the charges against the defendants at the end of the preliminary hearing. That motion was properly overruled as was the demurrer to the evidence made at the same time. The sufficiency of the evidence at the preliminary hearing has been discussed under the first three assignments above.

■ The next motion overruled was the defendants' motion to remand for what they term a "full and complete" preliminary hearing. The crux of this assignment is that Roy Williams, a witness subpoenaed by the defense, was not "compelled," in the defendants' words, to testify at that hearing. The magistrate did not require Williams to testify because Williams had suffered a heart attack and had to be hospitalized sometime between October 17 and October 31. The magistrate ruled that if the defense would prepare an affidavit detailing what Williams' testimony would be were he available, the magistrate would consider granting the defendants a continuance until such time as Williams could testify. The defendants produced no such affidavit. Instead they filed a motion seeking to have the magistrate disqualified on the grounds that his requiring this affidavit showed prejudice.

In *Shapard v. State,* Okl.Cr., 437 P.2d 565 (1967), defendant therein raised a similar contention. In that case the magistrate refused to allow the defendant to present certain witnesses that were present to testify. In both *Shapard* and the instant case, the witnesses whose testimony was so vital at the preliminary hearing were not presented at the trial. This Court, after

noting that fact, at page 574 of *Shapard*, said:

" . . . It is thus clear that the defendant did not consider the testimony of these witnesses material to his defense and we are of the opinion and therefore hold, that where evidence. presented at preliminary hearing before a magistrate is sufficient to establish that a crime has been committed and there is probable cause to believe the defendant guilty, the failure of the magistrate to allow the defendant to offer testimony of witnesses whose testimony is not material to the defense, does not constitute reversible error. . . ."

We therefore hold this proposition to be without merit.

Defendants' motion to quash the information for failure to state the place where the offense was committed and the precise time, i. e. date, on which the offense took place was also overruled and is now asserted as error.

■ The information alleged that the offense was committed in Sequoyah County. *Carlile v. State*, Okl.Cr., 493 P.2d 449 (1972) is dispositive of this contention. In *Carlile*, we held that where the defendant was charged with only one offense the failure to allege the exact location within a county where the offense occurred is not error.

■ Defendants allege that 22 O.S. 1971, § 405, requires that the time, i. e. date, of the offense be precisely alleged. That statute requires that the time be precisely alleged in the information only where time is a material ingredient, i. e. element, of the offense. Unless the statute defining the offense makes the date a material element, as in the case of Sunday closing or "blue laws," the date need not be specifically alleged. The motion to quash was properly overruled and this contention is without merit.

■ The next motion of the defendants that was overruled and is asserted as error is a motion for a severance of their trials. Such a motion is addressed to the discretion of the trial court and absent a showing of prejudice this Court will not disturb the trial court's ruling. *Curcie v. State*, Okl.Cr., 496 P.2d 387 (1972). In their brief the defendants recite that they have been prejudiced but offer no specific examples of the same. We therefore hold that there was no error in overruling defendants' motion to sever.

■ Defendants filed a motion seeking to have Judge Rogers disqualify himself from sitting as magistrate. The motion asserted that Judge Rogers was biased and prejudiced against the defendants.

In criminal cases, as in civil cases, such a motion is addressed to the sound discretion of the judge and unless a clear abuse of that discretion is shown this Court will not reverse the trial judge's ruling. *Parnacher v. Mount*, 207 Okl. 275, 248 P.2d 1021 (1952).

■ The final motion overruled by the trial court's order of March 25, 1974, was defendants' motion for continuance. Such a motion is addressed to the discretion of the court and absent a manifest abuse of that discretion this Court will not reverse the judgment of the trial court. *Allen v. State*, Okl.Cr., 507 P.2d 606 (1973). The record reveals no abuse of discretion in denying the motion for a continuance.

■ The seventh assignment of error raised by the defendants is that the trial court erred in not admitting certain records and pleadings from a replevin action undertaken by the witness Joe Williams against Charles Hennessee in the District Court of Comanche County. Defendants cite 12 O.S.1971, § 486, which provides that such documents *may* be admitted as evidence in all civil and criminal proceedings. The introduction or refusal of evidence is a matter addressed to the sound discretion of the trial court and its ruling thereon will not be reversed absent a showing of a manifest abuse of that discretion. *Padillow v. State*, Okl.Cr., 501 P.

2d 837 (1972) and *Hicks v. State,* Okl.Cr., 503 P.2d 243 (1972). In examining the record we find no abuse of discretion in the court's refusing to admit the proffered documents and therefore hold this assignment to be without merit.

After the jury had returned its verdict finding the defendants guilty as charged, the defendants asked that the jury be polled. One of the jurors, when polled, responded as follows:

"THE COURT: Mrs. Shackelford, is that your verdict [guilty as charged]?

"JUROR SHACKELFORD: I guess, Yes." (Tr. 238)

Defendants assert that this was an indefinite answer and that the verdict was not unanimous; therefore, the jury should have been returned to the jury room for further deliberation. However, at the time this answer was given the defendants made no objection whatsoever. The defendants, if they believed this answer to have been equivocal, should have objected to its reception by the court. Since the defendants did not object, we can only conclude that counsel felt that the juror was responding affirmatively and therefore the court did not err in accepting this verdict.

In their ninth and tenth assignments of error the defendants complain of errors made by the court in many decisions made during the course of the trial. The only examples of such alleged errors is a remark of the Assistant District Attorney in objecting to the introduction into evidence of a document. The prosecutor remarked that the proffered document was not the best evidence, was impossible to read and had been doctored or altered. (Tr. 145) The defense counsel immediately objected, asked that the jury be admonished not to consider the remark and moved for a mistrial. The objection was sustained, the jury was admonished, but the motion for mistrial was overruled. In *Kitchens v. State,* Okl.Cr., 513 P.2d 1300 (1973), this Court held that where the jury is so admonished the error is usually cured

unless such an error appears to have determined the verdict. Here, there was evidence upon which a verdict of guilty could have been based and we do not believe that the error of this remark determined the verdict. Accordingly, we hold this assignment to be without merit.

The next three assignments of error raised by the defendants deal with two motions for a new trial that were filed. The first motion was based on alleged errors occurring during the trial. Such a motion is addressed to the discretion of the court and so long as that discretion is not abused, the trial court's decision will not be overruled by this Court. *Ward v. State,* Okl.Cr., 444 P.2d 255 (1968), certiorari denied 393 U.S. 1040, 89 S.Ct. 665, 21 L.Ed. 588. The record neither reveals nor do the defendants direct us to any abuse of that discretion.

The second motion was based on newly discovered evidence. This Court has held that a new trial should not be granted on this ground unless the evidence is such that had the evidence been introduced at trial there is a reasonable probability that a different result would have been reached. Additionally, it must be established that even with the exercise of due diligence the evidence could not have been produced at trial and the evidence is not merely cumulative or for the purpose of impeachment. *Poe v. State,* Okl.Cr., 522 P.2d 638 (1974); *Stevenson v. State,* Okl.Cr., 497 P.2d 1114 (1972), and *Pruitt v. State,* Okl.Cr., 270 P.2d 351 (1954).

Such a motion is addressed to the discretion of the trial court and a reversal will not be ordered unless an abuse of discretion is shown. *Poe v. State,* supra. The newly discovered evidence in the instant case all dealt with the establishing the date of the sale of the cattle to Mrs. Venekamp. At the trial there was evidence tending to establish that date. This newly discovered evidence was either merely cumulative or was for the purpose of impeaching witnesses who previously

testified as to the date of the sale. Therefore, the trial court did not abuse its discretion in denying the second motion for new trial. Defendants show no abuse of that discretion. Our review of the record reveals no abuse; there was no error in overruling this motion.

Defendants' final two assignments of error are that the cumulative effect of the errors complained of above denied them a fair trial. Because we find the previous assignments to be without merit, these assignments are necessarily without merit. See *Haney v. State,* Okl.Cr., 503 P.2d 909 (1972) and *Wright v. State,* Okl. Cr., 531 P.2d 696 (1975).

In conclusion, we observe that the record is free of any error which would justify modification or reversal. The judgment and sentence is, accordingly, *affirmed.*

BUSSEY and BLISS, JJ., concur.