Marel Reno STALLCUP, Plaintiff in Error,

v.

The STATE of Oklahoma, Defend-
ant in Error.

No. A–13574.

Court of Criminal Appeals of Oklahoma.

March 17, 1965.

Rehearing Denied April 28, 1965.

George Miskovsky, Jr., Miskovsky, Sulli-van, Embry & Miskovsky, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Plaintiff in Error, Marel Reno Stallcup, hereinafter referred to as the defendant, was charged by information in the Com-mon Pleas Court of Oklahoma County with the crime of Illegal Possession of Barbi-turates. He was tried by a jury, found guilty, and his punishment assessed at 9 months in the County Jail. From that judgment and sentence, he has perfected his timely appeal to this Court.

Defendant urges only one assignment of error in his brief—that the trial court should have sustained the demurrer on the part of the defendant at the close of the case and directed the jury to return a ver-dict of not guilty.

We will briefly set forth the facts in the case. On February 29, 1964, defendant was arrested in a bar on N. W. 10th Street in Oklahoma City for being drunk, and when searched, he was found to be in possession

of six "yellow jackets", and was subsequently charged with Illegal Possession of Barbiturates.

Two police officers testified regarding the arrest. C. M. Hinderliter, the detective who transported the pills from the safe in the police station to the State Chemist's testified substantiating the chain of evidence. Taylor Rogers, the State Chemist, testified as to the results of the tests conducted on two of these tablets and that in his opinion, they did contain barbitol.

The defendant argues that the evidence was insufficient because the state failed to prove the negative that the capsules did not contain "in addition to a barbiturate, sufficient quantity of another drug or drugs to cause the compound, mixture, or preparations to possess other than a hypnotic or somnifacient action." (Title 63 O.S.A. § 465.13) He alleges this is a required substance of the crime charged herein.

■■■■ We will set forth the pertinent language of the Title 63 O.S.A. § 465.12, as follows:

"The following acts, the failure to act as hereinafter set forth, and the causing of any such act or failure are hereby declared unlawful:

"* * * (C) The possession of a barbiturate or stimulant by any person, unless such person obtained such drug on the prescription of a practitioner. * * *"

Then, § 465.13 lists the excepted items to the above statute, and as shown previously, sub-section (a) reads as follows:

"Nothing in this Act shall apply to compounds, mixtures, or preparations containing, in addition to a barbiturate, sufficient quantity of another drug or drugs to cause the compound, mixture, or preparations to possess other than a hypnotic or somnifacient action, or containing, in addition to a stimulant, sufficient quantity of another drug or drugs to cause the compound, mixture or preparation to possess other than a

stimulating effect upon the central nervous system."

Keeping these statutes in mind, let us examine the testimony of Taylor Rogers, the State Chemist at pg. 98 of the casemade:

"Q. Thank you. Do you know the effects of the contents, as you determined from these tests, upon the human body?

"MR. MISKOVSKY: I am going to object. It is incompetent, irrelevant and immaterial.

"THE COURT: If he knows, he may testify.

"Q. (BY MR. HASWELL) You may answer.

"A. (BY THE WITNESS) *It is a sedative and in proper dosage it it can be hypnotic.*" (Emphasis ours.)

And, further, on cross-examination, at page 103:

"Q. Now then, Mr. Rogers, what is the effect of that drug, would you say? Is it a stimulant?

"A. No, it is a sedative, and it is a prescription type drug, which means that it is unsafe for self-medication and should be taken under the advice of a Doctor.

"Q. What generally is that type of drug, barbitol, and the drug you found, used for?

"A. They use it to prevent sleeplessness, nervousness, *or in large doses it can be a hypnotic type.*" (Emphasis ours.)

The exception reads *"in addition* to a barbiturate, sufficient quantity of another drug or drugs to cause the compound * * * *to possess other than a hypnotic effect".*

In the instant case, the Chemist clearly testified that the pills found on defendant was a sedative and could cause a hypnotic effect.

This testimony is sufficient to meet the requirements of § 465.13, even though the

State did not have the burden of proof in this particular instance, as defendant contends.

Title 63 O.S.A. § 418, pertaining to Narcotic Drugs, reads:

"In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provisions of this Act, it shall not be necessary to negative any exceptions, excuse, proviso, or exemption, contained in this Act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant." Laws 1935, p. 55, § 18.

This language in our statute is from the Uniform Narcotic Drug Act, and would be applicable to barbiturates, as in this case.

The judgment and sentence of the trial court is thereby affirmed.

BUSSEY, P. J., and BRETT, J., concur.