**Jimmy Loyd WELBORN, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–15079.**

Court of Criminal Appeals of Oklahoma.

Feb. 24, 1971.

Charles C. Yon, Oklahoma City, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Max A. Martin, Asst. Atty. Gen., for defendant in error.

## MEMORANDUM OPINION

BRETT, Judge:

The plaintiff in error, Jimmy Loyd Welborn, hereinafter referred to as "defendant", was charged by information in the Court of Common Pleas, Oklahoma County, Oklahoma, with the crime of Illegal Possession of A Stimulant. The information more specifically alleged that the defendant, on March 8, 1969, in said county, did, acting conjointly with Granville Lee Humphrey, unlawfully have in his possession and control a glass vial containing amphetamine, a stimulant, and that he did not obtain such drug on the prescription of a duly licensed practitioner.

This case came on for trial by jury and on September 9, 1969, the jury returned a verdict finding the defendant guilty of Illegal Possession of A Stimulant and assessed his punishment at imprisonment in the Oklahoma County Jail for a period of one (1) year.

Thereafter a Motion for New Trial was filed on behalf of the defendant. The court overruled the Motion. Judgment and sentence was entered by the court in accordance with the verdict of the jury. Defendant was admitted to bail and this appeal is brought from that judgment and sentence.

The testimony shows that Officer George Burns of the Oklahoma City Police Department observed the defendant remove from behind the battery of a pickup truck, located in front of the Copper Top Cafe in Oklahoma City, a syringe and bottle that was wrapped in a rag. After this the officer allegedly observed the defendant insert the syringe in the bottle and then inject something into his arm. He testified that he then observed the defendant replace the bottle, syringe and rag behind the battery. The officer said he observed the defendant enter the Copper Top Cafe, followed the defendant into the cafe, and arrested him for illegal possession of a stimulant.

Defendant asserts two propositions in his brief: (1) The trial court erred when it overruled the defendant's Motion for a New Trial on the ground the verdict and judgment is contrary to the evidence; and, (2) That introduction into evidence of needles, syringe, and a prior offense which conviction was so prejudicial, as to constitute fundamental error to require a new trial.

■ To support his first proposition defendant asserts that the charge of Illegal Possession of A Stimulant shifts the burden to the defendant and requires him to prove his innocence. We do not accept this contention. Once the prosecution shows the otherwise unexplained possession of stimulants, the defendant has only to show that possession to be under proper authority. See Stallcup v. State, Okl.Cr., 401 P.2d 197 (1965).

■ ■ Concerning defendant's second proposition, the needles and syringe were part of the res gestae and were properly admissible into evidence. With reference to defendant's complaint that the punishment is excessive, because his former convictions were made known to the jury, and thereby caused the jury to be prejudiced, the record reflects that defendant testified in his own behalf and admitted his former convictions in Texas; however, the information does not include the after former provision. He admitted that he was on parole from Texas on a burglary charge and also on an attempted burglary charge, but no showing was made that he has had a former conviction for possession of stimulants. The Act, under which this conviction was prosecuted, provides for the first offense to be a misdemeanor; and so far as the record is concerned, this is defendant's first offense under the Act. As pointed out in defendant's brief citing reference to 72 C.J.S. Poisons § 7, p. 180, it is the practice of courts to impose only the minimum penalty for first offenses under the anti-narcotic law. We therefore conclude that defendant's contention has some merit, and that his sentence should be modified. This factor, coupled with other factors brought out in the record, i.e., the

charge against the co-defendant was dismissed for insufficient evidence, and the weak nature of the prosecution of this case appears to merit such consideration.

It is therefore ordered that the judgment and sentence in case No. 37,685, in the Court of Common Pleas of Oklahoma County shall be modified from one (1) year in the Oklahoma County Jail to six (6) months confinement, and as modified, the judgment and sentence is affirmed.

NIX, J., concurs.

BUSSEY, Presiding Judge (concurring in part).

I am of the opinion that the judgment and sentence should be affirmed without modification.