**Frankie Junior TURNER, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A–17045.**

Court of Criminal Appeals of Oklahoma.

March 15, 1972.

Freeman, Isaacs & Freeman, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., Nathan J. Gigger, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Frankie Junior Turner, hereinafter referred to as defendant, was charged, tried and convicted in the District Court of Oklahoma County, Oklahoma, for the offense of Possession of a Stimulant; his punishment was fixed at one (1) year in the County Jail and a fine of Five Hundred Dollars ($500.00), and from said judgment and sentence, a timely appeal has been perfected to this Court.

At the trial, Officer Harrison testified that on February 2, 1971, at approximately 4:00 p. m., he, along with Officers Neal

and Lovett, went to the defendant's residence on Southeast 74th Street in Oklahoma City, Oklahoma, with a complaint and warrant for the arrest of the defendant for Trespassing. The defendant was told that he was under arrest and the Officers and the defendant entered the defendant's residence looking for other persons. The defendant was searched by Detective Neal who found a bottle of clear liquid in his left pocket, a syringe and needles.

Detective Neal's testimony did not differ substantially from the witness, Harrison. Neal retained the evidence in his custody and sealed the contents in Oklahoma City Police Department Evidence Envelope Number 2027, and delivered the same to the state chemist.

John McAuliff, chemist for the Oklahoma State Bureau of Investigation, testified that he examined the contents of the Oklahoma City Police Department Evidence Envelope Number 2027. He conducted tests on the liquid contained in the brown bottle found in the envelope, which he identified by chemical and ultraviolet spectrophotemetric analysis to be amphetamine.

■ Defendant's first proposition asserts that the "Demurrer to the State's Evidence should have been sustained and the jury directed to return a verdict of not guilty for the reason that the State failed to prove defendant was in possession of a drug which has a stimulating effect on the central nervous system." Defendant argues that under the provisions of 63 O.S. § 465.12, subsection C, and § 465.11, subsection B, set out two elements of a stimulant. The first being "that it be a drug consisting of an amphetamine [as is applicable in this case] and (2) which drug has a stimulating effect on the Central Nervous System." Although this proposition is improperly before this Court and the defendant does not cite authorities to support his contentions, we have examined the proposition and are of the opinion that the same is without merit. In Stallcup v. State, Okl.Cr., 401 P.2d 197, the defendant was convicted of Illegal

Possession of Barbiturates. Defendant urged on appeal that the trial court should have sustained his demurrer to the close of the case and directed the jury to return a verdict of not guilty. Defendant argued that the evidence was insufficient because the State failed to prove the negative that the capsules did not contain " 'in addition to a barbiturate, sufficient quantity of another drug or drugs to cause the compound, mixture, or preparations to possess other than a hypnotic or somnifacient action' " which defendant alleged was a required substance of the crime charged. The Court, speaking through Judge Nix, stated:

"This testimony is sufficient to meet the requirements of § 465.13, even though the State did not have the burden of proof in this particular instance, as defendant contends.

"Title 63 O.S.A. § 418, pertaining to Narcotic Drugs, reads:

'In any complaint, information, or indictment, and in any action or proceeding brought for the enforcement of any provisions of this Act, it shall not be necessary to negative any exceptions, excuse, proviso, or exemption, contained in this Act, and the burden of proof of any such exception, excuse, proviso, or exemption, shall be upon the defendant.' Laws 1935, p. 55, § 18.

"This language in our statute is from the Uniform Narcotic Drug Act, and would be applicable to barbiturates, as in this case."

We thus conclude that 63 Okl.St.Ann. § 418 would likewise be applicable to stimulants. We, therefore, find this proposition to be without merit.

■ The next proposition contends that "the introduction of the needle and syringe and the repeated references thereto were so prejudicial as to constitute fundamental error to require a new trial." Defendant candidly admits that he is aware of the Court's most recent decision in Welborn v. State, Okl.Cr., 481 P.2d 783, wherein the defendant was charged with Illegal Possession of a Stimulant. This Court, through

Judge Brett, held that the needle and syringe were part of the res gestae and were properly admissible into evidence. In Brooks v. State, Okl.Cr., 438 P.2d 25, the defendant was convicted of Illegal Possession of Narcotic Drugs. The defendant objected that evidence of needle marks on his arms should not have been admitted. The Court stated:

"We are of the opinion that the testimony of the arresting officer as to the appearance of the defendant and the 'needle marks' on his person, was a circumstance further tending to connect the defendant with the morphine, since it is a matter of common knowledge that injection by hyperdermic needle is one method of administering narcotic drugs, including morphine, which are usually dissolved in liquid form. This circumstance characterizes the intent of the defendant in having in his possession the morphine pills."

In the instant case, we are of the opinion that the needle and syringe were admissible as part of the res gestae which further characterizes the intent of the defendant in having in his possession the stimulant.

■■■ The third proposition asserts that the punishment is excessive and that the judgment and sentence constitutes a cruel and unusual punishment. We have previously held that the question of excessiveness of punishment must be determined by a study of all the facts and circumstances in each case. We do not have the power to modify sentence unless we can conscientiously say that under all the facts and circumstances, the sentence is so excessive as to shock the conscience of the Court. Johnson v. State, Okl.Cr., 386 P.2d 336. We need only to observe that the sentence imposed is within the limits provided by law and does not shock the conscience of this Court.

■■■ The final proposition contends that "the many errors of law occurring during the trial of the case constitutes cumulative error sufficient when considered together, to require a reversal and dismissal of this cause." We need only to observe that this proposition is not supported by the citation of authorities. In Sandefur v. State, Okl.Cr., 461 P.2d 954, we held:

" 'It is necessary for counsel for plaintiff in error not only to assert error, but to support his contentions by both argument and the citations of authorities. Where this is not done, and it is apparent that the defendant has been deprived of no fundamental rights, this court will not search the books for authorities to support the mere assertion that the trial court has erred.' "

We, therefore, find this proposition to be without merit.

In conclusion, we observe that the Record is free of any error which would justify modification or require reversal. The judgment and sentence is affirmed.

BRETT and SIMMS, JJ., concur.