The STATE of Oklahoma, Appellant,

v.

Dennis D. FRAZIER, Appellee.

No. O–76–842.

Court of Criminal Appeals of Oklahoma.

April 26, 1977.

E. Evans Chambers, III, Asst. Dist. Atty., Earl E. Goerke, Dist. Atty., Enid, for appellant.

No appearance for appellee.

## OPINION

BUSSEY, Presiding Judge:

The appellant, the District Attorney of Garfield County, hereinafter referred to as the State, brings this appeal under Rule 6 of Title 22, Chpt. 18, Appendix, questioning the validity of the Magistrate's ruling holding insufficient the identification of the defendant as being one and the same person as named in the certified records of the District Court, Payne County, which reflect that on the 7th day of November, 1975, one Dennis Frazier, accompanied by his lawyer entered a plea of guilty to the offense of Unlawful Delivery of Marijuana in Case No. CRF–72–97, wherein the Honorable Ray Wall entered an order deferring judgment and sentence. The gist of the Magistrate's ruling seems to be that in order to establish that the Dennis Frazier, who entered a plea of guilty in the District Court, Payne County, is one and the same person as the defendant in the preliminary hearing it was incumbent on the State to produce a witness who was present at the prior plea entered in Payne County who could identify the defendant in the preliminary hearing as being the same person.

This is a case of first impression insofar as the State relies on a deferment of judgment and sentence for the prior "conviction" as authorized by 63 O.S.1971, § 2–410, in a charge of possession of marijuana, second violation, in violation of 63 O.S.1971, § 2–402. Section 2–410 in pertinent part states:

> "Any expunged arrest or conviction shall not thereafter be regarded as an arrest or conviction for purposes of employment, civil rights, or any statute, regulation, license, questionnaire or any other public or private purpose; provided, that, *any such plea of guilty* or finding of guilt *shall constitute a conviction of the offense for the purpose of this act* . . .." (Emphasis Added)

Thus, in the case at bar, a plea of guilty having been entered to the prior Payne County charge, and deferment of judgment and sentence having been ordered therein, there is no judgment and sentence to prove the prior "conviction," but only a certified copy of the Order Deferring Judgment and Sentence to prove the prior "plea of guilty." Neither the Magistrate nor the District

Court questioned the admissibility of the Order Of Deferment of Judgment and Sentence under the official records exception, 22 O.S.1971, § 702 and 12 O.S.1971, § 486. However, each ruled that once admitted into evidence the certified Order was not sufficient to prove the identity of the person "convicted" therein without some additional testimony. (Prel. Hearing 19–20; District Court Hearing 26).

■ We agree that the order is admissible as an official record, but do not agree that the same was insufficient to establish, prima facie, the identity of the defendant.

After the court below ruled the Order of Deferment of Judgment and Sentence admissible under 12 O.S.1971, § 486, we are of the opinion that such Order should have been given the same evidentiary weight on identification as a judgment and sentence offered as proof of a prior conviction. In his ruling the District Court specifically relied on *Jennings v. State,* Okl.Cr., 484 P.2d 885 (1971) which was overruled by implication in *Conner v. State,* Okl.Cr., 518 P.2d 1271, 1272 (1974) which sets forth with clarity the rule that the Magistrate and District Court should have followed. In *Conner v. State,* supra, we stated:

> " 'In regard to proof of former conviction under the Habitual Criminal Act, . . the identity of name of the defendant and the person previously convicted is prima facie evidence of identity of person, and, in the absence of rebutting testimony, supports a finding of such identity. This will leave the question of identity to be determined by the jury, after a proper instruction has been given, upon a consideration of all surrounding facts and circumstances, such as commonness or unusualness of the name, the character of the former crime or crimes, and the place of its commission.' See also *Buie v. State,* Okl.Cr., 366 [368] P.2d 663."

An examination of the record in this case reveals that the name Dennis Frazier is not so common as to negate the prima facie identification, and neither are the two jurisdictions remote in distance nor are the offenses dissimilar.

We therefore are of the opinion that the Magistrate erred in refusing to bind the defendant over for the offense of possession of marijuana, second offense and that the District Court erred in affirming the order of the Magistrate.

■ It is further noted that the State gave timely notice of intent to appeal in open court in compliance with Rule 6.1 of 22 O.S., Chpt. 18, Appendix, but the Magistrate purported thereafter to enter an order dismissing the case as filed (possession of marijuana, second offense) and directing the District Attorney to file an information charging the defendant with the misdemeanor of simple possession of marijuana. Rule 6.1, supra, provides:

> "At the time the adverse ruling, or order, is made by the magistrate, the State shall, in open court, give Notice of Intention to Appeal said decision; the magistrate shall enter said Notice in the proper court docket, *continue the preliminary examination,* retaining the accused on his present bond, or if he be in custody, return the accused to custody." (Emphasis Added)

Accordingly, the Magistrate was without authority to enter an order dismissing said case and therefore the dismissal is void.

For the foregoing reason the District Court's order affirming the order of the Magistrate is REVERSED and this case is REMANDED with directions to the District Court to enter an order in accordance with 22 O.S., Chpt. 18, Appendix, Rule 6.6, sustaining the State's application.

BLISS, J., concurs.

BRETT, J., dissents.