John Hubert BROWN, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–77–768.

Court of Criminal Appeals of Oklahoma.

April 19, 1978.

Wilcoxen, Cate & Scherer, Thomas H. Alford, Muskogee, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., for appellee.

## OPINION

BUSSEY, Presiding Judge:

Appellant, John Hubert Brown, hereinafter referred to as the defendant, was charged in the District Court, Muskogee County, Case No. CRF–76–282, with the offense of Larceny of a Motor Vehicle, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1720. He was tried by a jury, convicted of the lesser included offense of Unauthorized Use of a Motor Vehicle, After Former Conviction of a Felony, in violation of 47 O.S.1971, § 4–102 and sentenced to imprisonment in the state penitentiary for a term of twenty-five (25) years. From this judgment and sentence the defendant has perfected a timely appeal to this Court.

Briefly stated, the facts adduced at trial are as follows. On the morning of September 12, 1976, Frank Sweger left his house to attend church, leaving the doors of his home and garage locked. When he returned a few hours later, he discovered that his garage had been broken into and a motorcycle belonging to him had been taken without his permission. He informed the police.

Pursuant to a tip from a confidential informant, Kevin Barry of the Muskogee Police Department and Coy Gifford of the Lexington Prerelease Center obtained information as to the location of the defendant's residence and instituted surveillance of the house at approximately 8:00 p. m. on September 12, 1976. Shortly thereafter, the officers observed the defendant arrive on the motorcycle in question, riding it to the rear of his house. They found the defendant hiding in the house and arrested him. The defendant was taken to the Muskogee jail and the next morning, after being advised of his rights, he was questioned by Officer Barry. At this time, the defendant admitted breaking into Sweger's garage, hot wiring the motorcycle and riding it away.

In his first assignment of error, the defendant argues that State's Exhibit Nos. 4, 5 and 6 to-wit: judgments and sentences reflecting prior felony convictions received by the defendant in Case Nos. CRF–76–180 and CRF–74–339 and a court clerk's certificate certifying said judgments and sentences and further certifying that the defendant was represented in said cases by named attorneys, should have been ruled inadmissible. The defendant contends that the court clerk's certificate was not competent evidence to prove that the defendant was represented by counsel in the above stated judgments and sentences and therefore, said exhibits should not have been admitted into evidence. However, the defendant cites no authority for the proposition that the court clerk's certificate was incompetent for said purpose.

While the Supreme Court in *Burgett v. Texas,* 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967), ruled that before proof of prior convictions may be admitted as evidence, competent evidence must be presented to show that the defendant had counsel at the time of the former conviction, case law does not indicate any set standard or minimum constitutional requirement regarding evidence showing representation by counsel on prior convictions. Also see *Baeza v. State,* Okl.Cr., 478 P.2d 903 (1970). We are of the opinion that the court clerk's certificate was competent and sufficient evidence to prove representation by counsel. Therefore, the defendant's first assignment of error is found to be without merit.

The defendant contends in his second assignment of error that the evidence of prior convictions was insufficient to sustain the defendant's conviction of "After Former Conviction of a Felony" because there was not sufficient evidence to prove that the defendant was the same person convicted of the prior offenses. Three prior convictions were presented by the State—Case Nos. CRF–76–180, CRF–74–339, and CRF–74–9. The names of the defendant reflected by the judgments and sentences, introduced as

State's Exhibit Nos. 4, 5 and 7, were John Hubert Brown, Johnny Hubert Brown and John H. Brown, respectively. The prior convictions reflected in State's Exhibits Nos. 4 and 5 were in Muskogee County and the other in Sequoyah County.

 In *State v. Frazier*, Okl.Cr., 563 P.2d 656 (1977), we ruled that the identity of the name of the defendant and that of the person previously convicted is sufficient as prima facie evidence of identity of person unless the name is so common as to negate the prima facie identification. In the instant case, John Hubert Brown is not sufficiently common to warrant negation.

Although in this case the names of two of the judgments and sentences bore certain minor dissimilarities, we need not reach a determination of whether either of those dissimilarities were sufficient to negate their prima facie identification in view of the fact that the name on the other judgment and sentence bore no dissimilarity. Only one prior felony conviction is necessary to support a conviction of "After Former Conviction of a Felony" in violation of 21 O.S.Supp.1976, § 51 as construed by this Court in *Thigpen v. State*, Okl.Cr., 571 P.2d 467 (1977). Accordingly the defendant's second assignment of error is found to be without merit.

As his final assignment of error, the defendant asserts that the sentence of twenty-five (25) years is excessive. We agree that the sentence is excessive—as a matter of law.

Although the defendant was charged in this case with the offense of Larceny of a Motor Vehicle, After Former Conviction of a Felony, he was convicted of the lesser included offense of Unauthorized Use of a Motor Vehicle, After Former Conviction of a Felony. The maximum penalty for Unauthorized Use of a Motor Vehicle is five (5) years. Title 47 O.S.1971, § 17–102.

In *Thigpen*, supra, we ruled 21 O.S.Supp. 1977, § 51(B) to be unconstitutional. Therefore, under Section 51 as it stands now, the maximum penalty the defendant could have received for Unauthorized Use of a Motor

Vehicle, After Former Conviction of a Felony is ten (10) years.

Insofar as the sentence was contrary to law, this Court will Modify the sentence to ten (10) years and for the above and foregoing reasons the judgment and sentence of the trial court is AFFIRMED, as MODIFIED.

CORNISH and BRETT, JJ., concur.