Alexander Dumas **LEWIS**, Appellant,

v.

The **STATE** of Oklahoma, Appellee.

No. F–83–450.

Court of Criminal Appeals of Oklahoma.

May 11, 1984.

E. Alvin Schay, Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Christy J. Caesar, Legal Intern, Oklahoma City, for appellee.

## OPINION

BUSSEY, Presiding Judge:

Alexander Dumas Lewis was convicted of Assault with a Dangerous Weapon After Former Conviction of Two or More Felonies, and was sentenced to twenty-seven years in prison. 21 O.S.1981, § 645; 21 O.S.1981, § 51(B). We affirm.

### I.

Appellant contends that the evidence was insufficient to support the verdict in that it failed to establish that he acted with an intent to do bodily harm. This contention is without merit.

The charge arose out of events occurring in Lawton, Oklahoma, on the evening of July 29, 1982. About 9:30 P.M., the victim, Ms. Erma J. Weaver, pulled into a service station to put oil in her car. Her sister and a friend happened by, and also stopped at the service station.

The victim did not know where to put the oil into the engine. Her sister suggested that she hail a man then crossing the street nearby. The victim did so, and the man, identified by the victim and her sister as the appellant, assisted the woman. The sister and friend drove away, and the victim agreed to give the appellant a ride part of the way to a specified street.

However, after several blocks, the appellant pulled out a knife, put it to the victim's throat, and said, "Bitch, if you don't take me to 45th [Street], I'll cut your throat". As the victim complied with the appellant's demand, she stopped at a convenience store on the pretext of buying gasoline.

The victim assured appellant that she would not attempt to summon the police, and appellant put away his knife and followed her inside. Once inside, however, the victim requested assistance from the store clerk, and telephoned the authorities. Appellant then fled from the store. Appellant was arrested nearby about thirty minutes later.

An intent to do bodily harm under 21 O.S.1981 § 645 may be established by direct or circumstantial evidence, and it is no defense that the intent to do bodily harm is conditioned on some act of the victim where the accused cannot lawfully impose such a condition. *Gregory v. State*, 628 P.2d 384 (Okl.Cr.1981). The undisputed evidence that the appellant put the knife to the throat of the victim and threatened to cut her throat if she refused to comply with his demand was sufficient evidence of an intent to do bodily harm. Id.

### II.

Appellant contends that the trial court erred in permitting identification testimony

by the victim and the arresting officer. He relies upon the fact that neither witness was able to identify him at the preliminary hearing. In fact, the officer incorrectly identified a different man at preliminary as the one arrested for the crime. He also relies upon the victim's statement that, between the preliminary hearing and the trial, she was shown a picture of the appellant by a man purporting to be appellant's cousin.

In his brief on appeal, appellant disclaims any assertion that the State was in any manner guilty of suggestive pretrial identification procedures. Moreover, he expressly denies any suggestion that a constitutional violation occurred. He merely contends that the inherent unreliability of the testimony demanded its exclusion.

This contention is not well taken. The introduction of evidence is a matter for the exercise of the trial court's discretion. *Sonnier v. State*, 597 P.2d 771 (Okl.Cr. 1979). The judge was of the opinion that the flaws in the witnesses' testimony went to the weight and credibility of their statements, rather than the admissibility. He gave a cautionary jury instruction on the dangers of identification testimony. OUJI–CR 820. Given the unique posture of the issue before us, we find no abuse of discretion.

### III.

Appellant further argues that the judge erred in refusing a requested instruction on the lesser included offense of simple assault. This argument is not persuasive, given the undisputed evidence that appellant put the knife against the victim's throat and threatened bodily injury. The evidence did not support the reduction of the crime to simple assault.

Where there is no evidence to support a lower degree of the crime charged or an included offense, it is not only unnecessary to instruct thereon, the court has no right to ask the jury to consider the issue. *Irvin v. State*, 617 P.2d 588 (Okl.Cr.1980). We find no error in the denial of the requested instruction.

### IV.

Finally, appellant contends that the evidence was insufficient to establish his identity as the defendant convicted under judgments and sentences introduced by the State in the second stage to support the habitual offender charge. He relies on the fact that the judgments and sentences bear the name "Alexander *D.* Lewis", whereas his full and correct name is "Alexander *Dumas* Lewis."

This argument is wholly without merit. Appellant recognizes the rule that the identity of a defendant's name and the name on judgments and sentences offered to prove prior convictions is sufficient to carry the question of identity to the jury. See *Williams v. State*, 364 P.2d 702 (Okl. Cr.1961). This rule has been applied to sustain evidence of prior convictions similar to that at bar. See *Brown v. State*, 578 P.2d 364 (Okl.Cr.1978) (defendant named "John Hubert Brown"; judgments and sentences in the name of "Johnny Hubert Brown" and "John H. Brown"). The names were sufficiently similar to raise a jury question in this regard.

The judgment and sentence is AFFIRMED.

BRETT, J., specially concurs.

BRETT, Judge, specially concurring.

I concur in the opinion in this case but would point out in regard to appellant's objection to the identification of the defendant, that the victim's sister, Linda Chandler, also identified the defendant as the man who had assisted her sister at the gas station. Ms. Chandler had known the defendant as "Alex" for one year or more, having had seen him around the apartment complex where she lived. Consequently, even if allowing Ms. Weaver to testify had been error, the error would have been rendered harmless by Ms. Chandler's positive identification.