**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 18 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

STEVE E. WILLIAMS,

      Defendant-Appellant.

No. 96-3427
(D.C. No. 96-3169-SAC)
(District of Kansas)

---

**ORDER**

---

Before **SEYMOUR**, Chief Judge, **PORFILIO** and **MURPHY**, Circuit Judges.

---

Steve E. Williams attempts to appeal the district court's denial of his motion for relief under 28 U.S.C. § 2255. In support of his request for a certificate of appealability under 28 U.S.C. 2253(c), Mr. Williams argues that: (1) the government's forfeiture of his property prohibited his subsequent criminal prosecution under the Double Jeopardy Clause; (2) his punishment for money laundering resulted in multiple punishments for conspiracy in violation of the Double Jeopardy Clause; and (3) his guilty plea was unknowing and involuntary because it was provided in reliance on his attorney's erroneous calculation of his maximum possible sentence.

Mr. Williams' first claim is precluded by *United States v. Ursery*, ___ U.S. ___, 116 S.Ct. 2135 (1996), in which the Supreme Court held that civil forfeitures do not

constitute punishment for Double Jeopardy purposes. *Id.* at 2138. Mr. Williams' second claim is precluded by ***Blockburger v. United States***, 284 U.S. 299 (1932), because the government's conspiracy charge did not require proof of financial transactions, while its money laundering charge did not require proof of conspiracy. ***See id.*** at 304 (multiple punishments for same offense do not occur if each charge requires proof of a fact that the other does not). ***Accord United States v. Dixon***, 509 U.S. 688 (1993). Mr. Williams' final claim is similarly without merit. Although constitutionally deficient performance by defense counsel may render a plea involuntary, "[a] miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance." ***United States v. Gordon***, 4 F.3d 1567, 1570 (10th Cir. 1993). Moreover, as set forth in the district court's order denying § 2255 relief, Mr. Williams' contention that he did not understand the possible penalties associated with his plea is belied by his discourse with the court at his plea hearing and the plea agreement itself.

Having failed to present this court with issues that are debatable among jurists, Mr. Williams' request for a certificate of appealability is **DENIED** and his appeal is **DISMISSED**. 28 U.S.C. § 2253(c)(2); ***Lennox v. Evans***, 87 F.3d 431 (10th Cir. 1996). The mandate shall issue forthwith.

ENTERED FOR THE COURT

John C. Porfilio
Circuit Judge