**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 4 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

vs.

MANUEL DEJESUS SORIA,

     Defendant - Appellant.

No. 98-6265
(D.C. No. CV-98-314)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **PORFILIO**, **KELLY**, and **HENRY**, Circuit Judges.[**]

---

     Mr. Soria, an inmate appearing pro se, seeks to appeal from the district

court's denial of his motion to vacate, set aside or correct his sentence. See 28

U.S.C. § 2255. The district court denied the motion, leave to proceed on appeal

in forma pauperis and a certificate of appealability. We deny a certificate of

appealability, 28 U.S.C. § 2253(c)(2), and dismiss the appeal.

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

    [**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Soria was charged in a three-count indictment with distribution of heroin, possession with intent to distribute heroin, and carrying a firearm in relation to a drug trafficking crime. He plead guilty to the second count and was sentenced to 168 months imprisonment. He attempted to file an appeal, but it was dismissed as untimely. See R. doc. 39.

A plea of guilty and a conviction "comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989). Once a judgment of conviction has become final, a collateral attack ordinarily is foreclosed if the plea was counseled and voluntary. See id.

On appeal, Mr. Soria argues that his counsel was ineffective (1) for not being truthful about the nature of the case and the potential punishment, (2) in not filing a motion under 18 U.S.C. § 201(c)(2), (3) in violating Fed. R. Crim. P. 11, along with the district court, and (4) in failing to advise him of a right to appeal. He also argues that the district court erred (5) in not departing from the Guidelines based upon sentencing entrapment, and (6) in sentencing him for conduct not foreseeable. Mr. Soria contended below that his plea was involuntary, not only due to counsel's erroneous advice, but also due to his lack of understanding of the proceedings.

To establish a claim of ineffective assistance of counsel, a defendant must

show (1) that counsel committed errors so serious that the defendant did not receive the counsel guaranteed by the Sixth Amendment, and (2) that counsel's performance was so deficient that the defendant did not receive a fair trial.  See Strickland v. Washington, 466 U.S. 668, 687 (1984).  In the guilty plea context, a defendant must show that counsel's performance fell below an objective standard of reasonableness and that, but for counsel's error, the defendant would have insisted upon going to trial.  See Hill v. Lockhart, 474 U.S. 52, 58-59 (1985).

A guilty plea must be knowing and voluntary, the product of a voluntary and intelligent choice among a defendant's alternatives.  See Parke v. Raley, 506 U.S. 20, 28-29 (1992).  A plea may be involuntary where an attorney materially misrepresents the consequences of the plea; however, standing alone, an attorney's erroneous sentence estimate does not render a plea involuntary.  See Laycock v. New Mexico, 880 F.2d 1184, 1186 (10th Cir. 1989).

Mr. Soria claims that his plea was involuntary because his counsel estimated the range of imprisonment between five and seven-and-one-half years under the Guidelines.  He contends that the stipulated drug quantity in the plea agreement (700-900 grams) and that used in the presentence report (739 grams) lacked a factual basis and that no one with any background in the Sentencing Guidelines would have accepted the plea agreement.  Thus, he challenges the performance of counsel.

The plea hearing indicates that counsel's estimate was based upon an incomplete criminal history, specifically that Mr. Soria was on probation for a DUI conviction. Mr. Soria was advised of the maximum and minimum punishment, the court's role in determining the sentence under the Sentencing Guidelines, and the importance of drug quantity and criminal history in sentencing. See Plea Tr. at 8-12 (Apr. 22-23, 1997). In similar circumstances, we have held that an erroneous estimate attributable to a more extensive criminal history does not render a plea involuntary, nor render counsel's performance deficient. See United States v. Rhodes, 913 F.2d 839, 842-44 (10th Cir. 1990); see also United States v. Williams, 118 F.3d 717, 718 (10th Cir. 1997); Lasiter v. Thomas, 89 F.3d 699, 702-03 (10th Cir. 1996); United States v. Gordon, 4 F.3d 1567, 1570-71 (10th Cir. 1993).

As for the stipulated drug quantity, the record is replete with Mr. Soria's agreement to it. Under U.S.S.G. § 6B1.4, the district court is to consider the stipulation, the results of the presentence report and any other pertinent information in determining a factual basis for the sentence. Apparently, the district court did so. Mr. Soria contends that the government's evidence that he distributed six grams of heroin per day for five months is wholly incredible and that his attorney should have performed more investigation and challenged it. Keeping in mind that the government is required to prove sentencing drug

quantity only by a preponderance of the evidence, see United States v. Cruz Camacho, 137 F.3d 1220, 1225 (10th Cir. 1998), counsel's affidavit that quantity was not challenged because counsel viewed Mr. Soria's defense as unpersuasive, see R. doc. 48, ex. 6 at 4, is precisely the type of tactical decision that does not render counsel's performance ineffective. See Strickland, 466 U.S. at 689.

Mr. Soria's ineffective assistance claims also must be rejected for lack of prejudice. He has not shown that he would have insisted on going to trial, but for counsel's alleged errors. Indeed, Mr. Soria concedes his guilt as to the first and second counts of the indictment. As noted by the district court and by defense counsel, had Mr. Soria been tried and convicted of the offenses contained in the indictment, resolution of the sentencing issues, including prior criminal history, would have been required. Also, significant advantages resulted from the plea agreement–dismissal of serious state charges and elimination of a five-year consecutive sentence under the 18 U.S.C. § 924(c) count.

Mr. Soria also contends that the government violated the anti-gratuity provision, 18 U.S.C. § 201(c)(2), by relying upon two informants in ascertaining drug quantity and the scope of the enterprise. This argument was not raised below and is waived. See Tele-Communications, Inc. v. Commissioner of Internal Revenue, 104 F.3d 1229, 1233 (10th Cir. 1997). Also, the circuit has adopted a contrary construction of the statute. See United States v. Singleton,

No. 97-3178, 1999 WL 6469 (10th Cir. Jan. 8, 1999) (en banc).

Mr. Soria next contends that the district court did not comply with Fed. R. Crim. P. 11(c)(1) (advice to defendant concerning the charge) and 11(f) (factual basis for the plea). We have reviewed the plea colloquy; the district court was exacting in its compliance. Moreover, we are in agreement with the district court that Mr. Soria has not overcome the presumption created by record that he understood the proceedings as interpreted. See Blackledge v. Allison, 431 U.S. 63, 74 (1977). Indeed, the district court tried to ascertain Mr. Soria's proficiency in English and Spanish and then recessed the proceedings for a day to allow for the interpreter and Mr. Soria to go over the plea agreement. See Plea Tr. at 3-5 (Apr. 22, 1997).

Mr. Soria also contends that his counsel was ineffective because his counsel failed to advise Mr. Soria of a right to file a notice of appeal and to represent Mr. Soria on appeal. The district court informed Mr. Soria of his right to appeal after sentencing. See Sentencing Tr. at 9 (Aug. 26, 1997). We have held that "[a]n attorney has no absolute duty in every case to advise a defendant of his limited right to appeal after a guilty plea." See Laycock, 880 F.2d at 1188. Moreover, Mr. Soria's ineffectiveness and voluntariness claims have now been considered in the context of determining whether to grant a certificate of appealablity.

Next, Mr. Soria contends that the district court should have reduced the stipulated quantity because it was the product of sentencing entrapment and that his counsel was ineffective for not raising this point. In this circuit, we analyze such claims using an "outrageous governmental conduct" test. United States v. Lacey, 86 F.3d 956, 963 (10th Cir. 1996). The facts relied upon here, a second buy, do not implicate the doctrine. Counsel is not required to pursue meritless theories.

Mr. Soria argues that he was sentenced based upon quantities that were neither reasonably foreseeable nor relevant conduct. See USSG § 1B1.3(a)(1)(B). Mr. Soria's arguments necessarily address his own acts and omissions, plainly relevant conduct, see USSG § 1B1.3(a)(1)(A), rather than jointly undertaken criminal activity. This argument is without merit.

Finally, Mr. Soria contends that the district court should have held an evidentiary hearing. The district court did not abuse its discretion given the state of the record. See Lasiter, 89 F.3d at 702-04 (10th Cir. 1996). We are in agreement with the district court's resolution on all other points not addressed in this order and judgment.

Because Mr. Soria has failed to make a substantial showing of the denial of a constitutional right, 28 U.S.C. § 2253(c)(2), we DENY him a certificate of

appealability and DISMISS the appeal.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge